LEONARD LINIGER V. STATE OF NEBRASKA.

FILED SEPTEMBER 25, 1909. No. 16,010.

1. **Criminal Law:** JOINT ASSIGNMENT OF ERRORS. A joint assignment in a motion for a new trial in a criminal case, criticizing a group of instructions, will be overruled unless all of the instructions are erroneous.

2. ————: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. Where certain evidence claimed by defendant to be material for his defense became known to his counsel after the case had been submitted and the jury had retired to deliberate, but before they had agreed upon a verdict, and the witnesses by whom such proof could be made were in the court room at that time, it was the duty of counsel to immediately call the court's attention to said evidence, and request that the jury be recalled and the evidence submitted to them. If counsel fail so to do, the trial court in its discretion may properly overrule a request for a new trial based on the discovery of such evidence.

ERROR to the district court for Pierce county. ANSON A. WELCH, JUDGE. *Affirmed.*

*A. I. Smith* and *Douglas Cones*, for plaintiff in error.

*William T. Thompson, Attorney General*, and *George W. Ayres, contra.*

.ROOT, J.

Plaintiff in error was convicted of assault with intent to inflict a great bodily injury, and from a sentence of two years' confinement in the state penitentiary appeals to this court.

1. It is argued that the court erred in its charge to the jury. The assignment in the motion for a new trial, with relation to the instructions, is joint, and under the well-settled law in this state, if one of the instructions given is correct, the assignment is bad. *Thompson v. State,* 44 Neb. 366. Speaking for himself alone the writer views the decision with disfavor, but it was announced 14 years ago, the legislature did not thereafter amend the statute concerning motions for a new trial in criminal cases, and the rule probably must be adhered to. In the instant case the charge taken altogether is fair. While some paragraphs thereof may be *. ject to criticism, we do not think that the jurors were misled thereby, and ' judgment ought not to be reversed because of the alleged errors in said instructions. Some of the instructions referred to in the motion for a new trial unquestionably state the law clearly and succinctly, and for that reason, upon the authority of *Thompson v. State, supra,* the assignment considered must be overruled.

2. It is urged that a new trial should have been granted because of newly discovered evidence. The complaining witness and defendant were in a saloon in the village of McLean on the afternoon of December 14, 1907. They engaged in a card game, worked a slot machine, and pulled "square holds." Some ill feeling was engendered, but their relations seemed harmonious at midnight when the resort was closed. Synder started home in his buggy, and defendant rode with him out of the village. While on the highway Snyder was beaten, as defendant testified, in a mutual combat growing out of a remark made by Snyder at the saloon that he had a boy at home that could whip the defendant. Snyder testified that he was assaulted and

robbed by defendant, then assisted back into his buggy, and that Liniger unbuckled the reins from the bridle bits, and, while standing on the ground, started the team off on a run. Snow to the depth of about two inches had recently fallen, and the sheriff and county attorney, the morning after the assault, examined the highway at the point where they claim Snyder told them that he had been assaulted, and were unable to find any indications that a team had been driven outside of the beaten path, or that any struggle had occurred on either side of the road at said point, or for a mile and a half east thereof. Defendant's counsel resided in Iowa, and evidently was not acquainted with the residents of Pierce county, but he had interrogated the sheriff and county attorney generally about the case, and they did not disclose to him that they had made said search or the results thereof until after the jury had retired. It is claimed that this evidence was vital, and that defendant was not guilty of laches in the premises. One of the jurors has made an affidavit that, had that evidence been before the jury, the verdict returned would not have been rendered. The assignment is not well taken. Defendant's counsel was informed of the facts while the jurors were deliberating. Both the sheriff and county attorney were present in the courthouse, and counsel should have moved the court to recall the jury, to set aside the submission of the case, and to permit the introduction of this evidence. Failing to do so, defendant must abide the result. Oakes v. Prather, 81 S. W. (Tex. Civ. App.) 557. The evidence is not of particular importance for the reason that Snyder's testimony given on the preliminary examination and upon the trial of this case fixes the location of the assault west of the southwest corner of section 24, whereas the sheriff and county attorney commenced to search some rods east of that point, and continued their examination eastward, and not to the west. Snyder's testimony is not altogether consistent, and there are some facts and circumstances tending to contradict him in other immaterial particulars, so that defendant's

Liniger v. State.

counsel were not deprived of material upon which to base an argument to the jury. The juror's affidavit will not be considered seriously, as it was undoubtedly given after reading affidavits made by the sheriff and county attorney that did not disclose that the affiants had not viewed the place where Snyder testified that he was attacked by defendant, but, on the contrary, stated they had examined the exact location of the alleged assault, and did not find any evidence of a struggle. We suggest in passing that, if the county attorney believed that the information given defendant's counsel after the jury retired was material, he should have made the disclosure when asked by defendant's representative about the case. Public prosecutors and peace officers owe no greater obligation to the public than to a defendant charged with crime, and they should as zealously protect the one as the other.

The record warrants the belief that Snyder and Liniger were intoxicated during the night of December 14, 1907, to such an extent as to render their testimony concerning their conduct that night of doubtful value in many particulars, but defendant admits that he assaulted and subdued Snyder. The jury has said that the assault was made with the intent to inflict a great bodily injury. The wounds penetrated through hair and scalp to Snyder's skull, and furnished convincing proof of the savage character of that attack. The penalty is severe, but it was within the province of the jury to find and the court to sentence, and upon the record we do not find just cause for interference.

The judgment is therefore

AFFIRMED.

REESE, C. J., and FAWCETT, J., not sitting.