# CRIMINAL CASES.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### CATES v. COMMONWEALTH.

November 30, 1910.

Absent, Cardwell, J.

1. CRIMINAL LAW—*Rape—Attempt—Higher Offense.*—Rape is a higher offense than an attempt to commit rape, although the maximum of punishment is the same for each under the statute of this State.

2. CRIMINAL LAW—*Indictment for Rape—Conviction of Attempt—Second Trial—Higher Offense—Former Jeopardy.*—Under the provisions of section 4044 of the Code, a person indicted for rape may be found not guilty of rape, but of an attempt to commit rape, but a verdict of guilty of an attempt to commit rape is an acquittal of the offense of rape, and if such verdict be set aside, the accused cannot on a second trial, be convicted of rape, as this is a higher offense, and he cannot, under the express terms of section 4040 of the Code, be tried for any higher offense than that of which he was convicted on the last trial.

3. CRIMINAL LAW—*Conviction of Lesser Offense.*—In order to convict of a minor offense upon an indictment for another offense, the minor or lesser must be an ingredient of the major or greater.

4. CRIMINAL LAW—*Attempt—Felony Charged—Lesser Offense.*—The intention to commit a felony, and the doing of some act towards its commission without actually committing it, is an attempt and is, from its very nature, an offense of lower grade than the consummated felony.

5. CRIMINAL LAW—*Rape—Evidence—Experts—Trained Nurse.*—On an indictment for rape upon a child, a trained nurse, of experience in caring for children, has sufficient knowledge to render her competent to give her opinion as an expert as to how the injury to the child may have been inflicted.

Error to a judgment of the Hustings Court of the city of Portsmouth.

*Reversed.*

The opinion states the case.

*R. H. Bagby*, for the plaintiff in error.

*Samuel W. Williams, Attorney General*, for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The accused, the plaintiff in error, was indicted and tried for rape. On the first trial he was found guilty of an attempt to commit the offense charged. Upon his motion, the verdict of the jury was set aside and a new trial granted him. Upon that trial, over his objection, he was tried for rape and found guilty. He moved in arrest of judgment and for a new trial, but both motions were overruled and judgment entered upon that verdict. To that judgment this writ of error was awarded.

The action of the court in trying the accused for rape, instead of trying him for an attempt to commit that offense, is assigned as error.

Section 4044 of the Code provides, that "On an indictment for felony, the jury may find the accused not guilty of the felony, but guilty of an attempt to commit such felony; and a general verdict of not guilty upon such indictment shall be a bar to a subsequent prosecution for an attempt to commit such felony."

By section 4040 of the Code it is provided, that "if a person indicted of felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced for such part as he is convicted of, if the same be substantially charged in the indictment, whether it be felony or misde-

meanor. If the verdict be set aside and a new trial granted, the accused shall not be tried for any higher offense than that of which he was convicted on the last trial."

In *Stuart's Case*, 28 Gratt. 950, it was held, that where there is but one count in an indictment and on that accused may be convicted of one of several offenses which are covered by the indictment, the verdict of the jury finding the accused guilty of one of the offenses charged is a verdict of acquittal of all the others of a higher grade of offense, except perhaps in an indictment for murder, where the jury find the defendant guilty of murder in the second degree. In that case, which was an indictment for malicious assault with intent to kill, there was a verdict upon the first trial for *unlawful* assault. Upon the motion of the accused that verdict was set aside and a new trial granted. Upon that trial the accused was convicted of malicious assault with intent to kill. Upon a writ of error to this court it was held that finding the accused guilty of the unlawful assault was an acquittal of the malicious assault. The judgment was reversed and the case remanded for a new trial for the unlawful assault. At that time there had been no legislation upon the question here involved. The next General Assembly changed the rule laid down in that case by amending section 28 of chapter 208 of the Code of 1849 by adding the following: "But if the verdict be set aside on the motion of the accused and a new trial awarded, on such new trial the accused shall be tried and such verdict may be found as if a former verdict had not been rendered." Acts 1877-8, Ch. 311, p. 279.

At the general revision of the civil and criminal laws of the State, made by the Code of 1887, section 28, chapter 208, of the Code of 1849, as amended by the act of 1877-8, was changed and as changed was carried into the Code of 1887 as section 4040. That section, as hereinbefore quoted, provides, among other things, that if the verdict be set aside and a new trial granted the accused, he shall not be tried for any

higher offense than that of which he was convicted on the last trial.

What was meant by the term "higher offense" as used in that section was involved in *Benton's Case*, 91 Va. 782, 21 S. E. 495. It was there said, that it was "not easy in construing the statute to lay down an inflexible rule that will apply to all cases. As a general rule, however, it is to be determined by the maximum penalty affixed to the offense. Into some offenses some other element besides the measure of the penalty may perhaps enter and affect the distinction. If so such case will be dealt with when it arises." It was further said in that case by Judge Riely, who wrote the opinion of the court, and who was one of the revisors of the Code of 1887, that "the legislature in enacting section 4040" (and he might have added, the revisors in suggesting the change made in the law, for two of them were members of this court when the *Stuart Case* was decided), "had in mind no doubt such offenses as murder, malicious shooting, etc., with intent to maim, etc., robbery, larceny and the like, in which the grades of the offense are very distinct."

Not only in the cases mentioned by Judge Riely, but in most indictable offenses, the offense comprises two or more grades. Wharton's Criminal Pl. & Pr., sec. 465.

Mr. Wharton says in his work on Criminal Law, that "questions frequently arise whether a particular offense is divisible: in other words, whether it is susceptible of being divided into two or more offenses, each to be open to a separate prosecution. The first line of cases of this class we have to notice is where one offense is an ingredient of another, as assault in assault and battery, manslaughter in murder, and larceny in burglary. Several of such concentric layers may successively exist. Thus we may take the case of assault, enveloped by a battery, and this by manslaughter and this by murder. Add the blow to the assault, and it becomes assault and battery. Add a killing to the assault and it becomes

manslaughter. Add malice aforethought to manslaughter and it becomes murder. Or, to take the converse, strip from murder the malice aforethought and it becomes manslaughter. Strip from manslaughter the death of the party assaulted and the offense becomes assault and battery. Negative the battery and the case is one of assault. Now this rejecting of successive aggravations is a function open to juries in all cases where there is presented to them one offense in which another is enclosed. The jury may acquit of murder and convict of manslaughter; or, as the practice is, convict of manslaughter which operates as an acquittal of murder. Or the jury, on the same prosecution, may convict of the assault and thereby acquit of the manslaughter and the murder. No question has ever been made as to this right on the part of the jury; and it is settled by a great preponderance of authority that a conviction of the minor offense, on an indictment which would have sanctioned a conviction of the major, is an acquittal of the major." 1 Whart. Cr. Law (9th ed.), sec. 27.

But in order to convict of a minor offense upon an indictment for another offense, the minor or lesser must be an ingredient of the major or greater. 1 Whart. Cr. Law, sec. 251; *Hardy's Case*, 17 Gratt. at p. 615.

An intention to commit a felony and the doing of some act toward its commission without actually committing it, is an attempt. That being the offense of which the accused was found guilty on the former trial, it was necessarily included in the charge of rape, otherwise there could be no conviction for that offense on the indictment for rape, for no one can be convicted of an offense not embraced or included in the charge against him.

The attempt being included in, or a part of, the offense charged, a conviction of the attempt would be an acquittal of the principal or major offense of rape. *State* v. *Shepherd*, 17 Conn. 54; *Com.* v. *Cooper*, 15 Mass. 187; Whart. Cr. Pl. &

Pr. sec. 465. But if the finding of the jury be, that the accused was guilty of the attempt, and a new trial be granted him, he cannot, under the plain language of section 4040, be tried for any higher offense than an attempt. It would seem to be clear that the intention to commit a felony and the doing of some act towards its commission, without actually committing it, must from its very nature be an offense of a lower grade than the consummated or principal felony.

Text-writers and decisions, in discussing the subject of the divisibility of indictable offenses comprising several stages or including other offenses, speak of and treat the principal offense comprising the several stages or including another or other offenses as the major, and the offense included within it as the minor offense. See Whart. Cr. Pl. & Pr., secs. 465, 246; 1 Bish. Cr. Law, sec. 1056; *Hardy's Case, supra; Stuart's Case, supra.*

An offense which is included in and is a part of another is a lesser offense, than that other unless a part is equal to the whole. The only reason, I suppose, why it is insisted that an attempt to commit rape is an offense of as high a degree as the completed or consummated offense, is because the maximum punishment is the same for each offense.

In *Benton's Case, supra,* where it was held that as a general rule the maximum punishment of an offense must determine whether, as compared with another offense, it was of a higher, equal or lower degree, there were two distinct offenses charged in the indictment, viz., housebreaking with intent to steal, and grand larceny. One was not a constituent element of the other. Upon a charge of housebreaking with intent to steal, there could be no conviction of grand larceny. Neither could there, upon a charge of grand larceny, be a conviction of housebreaking with intent to commit larceny.

The accused having been found guilty on the first trial of an attempt to commit rape, an offense which was included in

and a part of the charge of rape, he was acquitted of rape and could not be placed upon trial again for that offense.

Another error assigned is to the action of the court in permitting Miss Neville to testify as an expert witness.

It may be that the witness was not highly qualified to speak upon the subject as to which she expressed her opinion, but by her profession as a trained nurse and her experience in caring for children, she had acquired sufficient knowledge to render her a competent witness as an expert.

The remaining assignment of error is to the action of the court in refusing to set aside the verdict as contrary to the evidence. As upon the next trial the accused will not be tried for rape, and as the evidence may be different, it would be useless, if not improper, to pass upon that question.

The judgment complained of must be reversed, the verdict set aside, and the cause remanded to the hustings court for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*