# Richmond.

## GARNETT CONNELL v. COMMONWEALTH.

January 14, 1926.

1. HOMICIDE—*Verdict Contrary to the Law and the Evidence—Verdict of Voluntary Manslaughter where Evidence Justified Either a Conviction of Murder or Acquittal—Case at Bar.*—In the instant case the trial court did not err in overruling the motion of the accused for a new trial. Accused claimed that the evidence justified either a conviction of murder or an acquittal upon the ground of self-defense. If this was true, however, it does not follow that the court should have set aside the verdict which found him guilty of voluntary manslaughter. It was for the jury to determine the issues of fact, the grade of the crime, and under the Virginia statute to fix the punishment; their error was an error in favor of accused of which he cannot complain.

2. NEW TRIAL—*After Discovered Evidence—Evidence Available at the Trial—Cumulative Evidence—Homicide—Case at Bar.*—In the instant case accused was convicted of voluntary manslaughter and moved for a new trial on the ground of after discovered evidence. The defense of accused was self-defense. The alleged after discovered evidence was that of a witness who would have testified that he had examined the body of deceased and that his right hand contained a knife. The possession of the knife was shown by several other witnesses. Before the verdict of the jury had been returned the witness communicated his knowledge to the attorney for the accused.

   *Held:* That the court properly overruled the motion for a new trial, first, because the evidence was cumulative; and second, because it was not after discovered evidence.

3. NEW TRIAL—*Newly Discovered Evidence—Evidence Known Before Verdict.*—Where evidence is known to a party or his counsel before verdict, the party discovering such testimony should call it to the attention of the trial court so that the jury may be recalled to the court room to hear it. And if this is not done, the party cannot rely upon such testimony to support a motion for new trial on the ground of newly discovered evidence.

4. EVIDENCE—*Order of Proof—Introduction of Evidence After Argument—Discretion of Court.*—Courts have discretion to permit the introduction of newly discovered testimony after the argument of the case.

Error to a judgment of the Circuit Court of Brunswick county.

*Affirmed.*

The opinion states the case.

*Nat Turnbull,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile,* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

Prentis, P., delivered the opinion of the court.

The accused was indicted for the murder of Robert Maclin, has been convicted of voluntary manslaughter and sentenced to two years imprisonment in the penitentiary.

1. It is claimed for him that the court erred in overruling his motion to set aside the verdict as contrary to the law and the evidence.

This is the substance of the testimony: The accused, a white man, was working with the deceased, a colored man, for the Camp Manufacturing Company, engaged in the lumber business. They had known each other for several years; had been working together for about two weeks; and were operating an appliance used for the purpose of loading logs on railroad cars by means of a derrick. Working together, at opposite ends of logs which were lifted from the log deck to the car, they had loaded all the logs then there except one; according to the testimony of the accused, the deceased so manipulated the device that it jerked the accused in a very violent manner across the log deck. He claimed that Maclin had done this many times before, and that on this occasion when he asked him to stop jerk-

ing him, Maclin, the deceased, cursed and said: "I have been trying to kill you ever since I have been out here." There is no statement from the deceased as to this occurrence.   The accused immediately stopped work, went about fifty yards to the place where the foreman of the log camp was engaged, told him that he would not work with the negro any more, and then returned towards the loading machine where he had left his dinner bucket.   Then, according to the evidence of the witnesses introduced for the Commonwealth, the homicide occurred thus:   While the deceased was standing by the place, the accused approached him, and while yet some distance apart— at least a greater distance than the length of one of the logs, sixteen feet—he picked up an ax which was lying on the ground, continued to approach, and when near enough struck the deceased twice with the head of the ax and the third time with its blade, burying it in his skull.

By way of defense, the accused testified, without corroboration from any witness, that as he approached, the deceased cursed him and said: "I will kill you," and ran his hand in his hip pocket and brought it out and started towards him, and that it was then that he (the accused) reached around and picked up the ax, which he did not know was there; and in support of his claim of self-defense he said:   " *   *   and I picked it up and I hit him one lick up here with the ax and about the time I hit him that lick up there I could see something in his hand.   He told me he toted a razor and told me he toted a pistol and I have seen him with the razor and seen him buy pistol balls, and I didn't know which it was, and I hit him again.   He had his arm out where I could see it then." .

This evidence, in substance, for it could be slightly elaborated, presented the issues of fact to the jury. By their verdict they rejected the defense of the accused, but, somewhat illogically, found him guilty of voluntary manslaughter, instead of murder.

[1] It seems to us perfectly apparent that the court did not err in overruling the motion of the accused for a new trial. He claims here that the evidence justified either a conviction of murder or an acquittal upon the ground of self-defense. If true, it does not follow, however, that the court should have set aside the verdict which found him guilty of voluntary manslaughter. It was for the jury to determine the issues of fact, the grade of the crime, and under our statute to fix the punishment. Their error was an error in his favor of which he cannot complain.

Keith, P., set this question at rest in this jurisdiction in *Burton and Conquest* v. *Commonwealth*, 108 Va. 899, 62 S. E. 376. In this connection he there says: "Our jurisprudence, in this and in other respects, may be amenable to criticism of schoolmen and logicians, but subjected to the test of actual experience it has appeared in practice to be well that the law, after framing definitions and formulating rules of conduct, should allow to courts and juries, in their application and enforcement, a certain latitude and discretion. And so it comes to pass that a man may be indicted for murder of the first degree by the various means embraced in the statute, the evidence adduced may tend to the proof of the offense named in the indictment and none other, and yet the jury, acting under this discretion with which they have been clothed by the law, may find the offender guilty of a less offense."

Added to this, our conclusion is that in such cases

we should apply the rule that one convicted of a crime, sufficiently charged but less in degree than the evidence justifies, cannot complain of such an error in his own favor.    *State* v. *Lindsey*, 19 Nev. 47, 5 P. 822, 3 Am. St. Rep. 776;    *Lane* v. *Commonwealth*, 59 Pa. St. 375.

[2] 2. Another assignment of error is based upon the refusal of the trial court to grant a new trial because of certain alleged after discovered evidence. It is shown that a witness, A. B. Wright, examined the body of the deceased and that his right hand contained a knife.

The court properly overruled this motion for two reasons: (a) The possession of the open knife by the deceased (a small pocket knife) was shown by several other witnesses, and so was merely cumulative; and (b) it was not after discovered evidence because, before the verdict of the jury had been returned, this witness, Wright, communicated his knowledge to the attorney for the accused, thinking it his duty to do so when he found that some dispute had arisen during the argument as to whether or not the deceased actually had a knife in his hand when he was killed.    *Norfolk* v. *Johnakin*, 94 Va. 290, 26 S. E. 830.

[3] A similar question was raised in *Liniger* v. *State*, 85 Neb. 100, and it was held that as the facts were known before the verdict and no effort was made to have the jury recalled to the court room to hear the testimony, it furnished no ground for reversal.    To the same effect is *Oakes* v. *Prather*, (Tex Civ. App.), 81 S. W. 557.

Under such circumstances, the party discovering such testimony should call it to the attention of the

trial court, so that the jury may be recalled to the court room to hear it.

[4] That the courts have discretion to permit the introduction of the new testimony after the argument of the case, is shown in *Burks* v. *Commonwealth*, 126 Va. 769, 101 S. E. 230.

. We find no error in the record of which the accused can complain.

*Affirmed.*