# CRIMINAL CASES.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### J. G. BALLARD v. COMMONWEALTH.

#### November 17, 1927.

1. ASSAULT AND BATTERY—*Indictment for Attempted Rape—Failure to Charge the Jury that they might Find Accused Guilty of Lesser Crime of Aggravated Assault—Case at Bar.*—The instant case was an indictment for attempted rape. The clerk in the charge to the jury did not refer to all possible verdicts which could be found under the indictment. Whereupon the attorney for the accused objected to the charge upon this account. The court overruled this exception saying that it would instruct the jury further as to the punishment if the developments in the case called for it. When the jury were instructed the court's attention was called to the exception to the clerk's charge and to the court's statement thereon, but the court stated that no further instructions were necessary.

    *Held:* That in view of the evidence in the case, this constituted prejudicial error.

2. ASSAULT AND BATTERY—*Indictment for Attempted Rape—Failure to Charge the Jury that they might Find Accused Guilty of Lesser Crime of Aggravated Assault—Case at Bar.*—In the instant case, an indictment for attempted rape, the clerk in the charge to the jury failed to refer to all possible verdicts which could be found under the indictment. The court overruled the objection on this account saying that after developments in the case, if necessary, it would give further instructions. But the court when the instructions were given failed to instruct the jury that they might find accused guilty of a lesser crime covered by the indictment. It may be doubted whether the court was justified in overruling the objection when first made, as under the indictment the accused could have been found guilty either of attempted rape or of assault; or if the prosecutrix, being over fourteen years of age, gave her consent, he could have been found guilty of an offense for which, by statute, the punishment is confinement in jail not less than six nor more than twelve months. Certainly, after the evidence was in, the matter

being called to the attention of the court there should have been an instruction covering these points, as the evidence made such instruction appropriate.

3.  RAPE—*Attempted Rape or Aggravated Assault—Failure to Instruct the Jury as to Alternative—Case at Bar.*—In the instant case accused was convicted of attempted rape.  From the evidence for the Commonwealth accused was entitled to have the jury instructed upon the theory that, if guilty, his offense was not attempted rape, but that he tried to persuade prosecutrix to consent to sexual intercourse; that by his conduct he made indecent proposals to her; that he made a technical assault upon her, but that he offered no violence which could be construed to be an attempt to commit rape, or to have intercourse with her against her will or without her consent.

*Held:*  That at some stage of the trial the jury should have been instructed that they might find the accused guilty of aggravated assault.

Error to a judgment of the Circuit Court of Albemarle county.

*Reversed.*

The opinion states the case.

*George Walker, Walker & Walker,* and *S. D. Timberlake,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

J. G. Ballard, a man fifty-six years of age, has been convicted of attempted rape upon Isabelle Harlow, an infant just above the age of fourteen years, and sentenced to four years confinement in the penitentiary. The facts which we deem necessary to recite will appear in the course of this opinion.

One of the errors assigned by the accused is that the court should have required the clerk, in the charge to

the jury, to refer to all the possible verdicts which could be found under the indictment.

The bill of exceptions shows the precise charge to have been: "Your charge, therefore, is to determine whether he be guilty or not guilty, as charged in the indictment. If you find him guilty you shall say so, and fix his punishment at death, or, in your discretion, by confinement in the penitentiary for a period of not less than three nor more than eighteen years. If you find him not guilty, you shall say so, and no more." Whereupon the attorney for the accused objected to the charge because it did not cover all the verdicts that the jury might find under the indictment in this cause. But the court overruled the objection, as stated: "As far as I understood, what the clerk says is merely a statement made by the court, and anything that affects the evidence in the case will be covered by the instructions of the court; so I overrule the objection. The court will instruct the jury further as to the punishment in this case if the developments in the case call for it."

Thereafter, when the jury were instructed, the assistant prosecuting attorney called the court's attention to the foregoing exception and the statement of the court in overruling it; whereupon the court stated that no further instructions were necessary upon the evidence adduced. The attorney for the defendant objected to this ruling, and excepted thereto, but offered no instructions as to punishment.

[1, 2] In view of the evidence in this case, this ruling constitutes prejudicial error. It may be that when the clerk first charged the jury and before any evidence had been heard, the court was justified in overruling the objection. This, however, may be fairly questioned, for under the indictment the accused could have

been found guilty either of attempted rape or of assault; or if the prosecutrix, being over fourteen years of. age, gave her consent, he could have been found guilty of an offense for which, by statute, the punishment is confinement in jail not less than six nor more than twelve months. *Buzzard* v. *Commonwealth,* 134 Va. 641, 114 S. E. 664. If the evidence justified, the jury might have found the accused guilty and imposed the extreme punishment, death, as stated by the clerk in the charge; or, if the prosecutrix consented, the extreme punishment of twelve months confinement in jail; or he might have been found guilty of technical assault. Certainly, after the evidence was in, the matter being again called to the attention of the court, there should have been an instruction covering these points, if the evidence made such instruction appropriate. *Thornton* v. *Commonwealth,* 24 Gratt. (65 Va.) 662; *Porterfield* v. *Commonwealth,* 91 Va. 802, 22 S. E. 352; *Calton* v. *Utah,* 130 U. S. 83, 9 S. Ct. 435, 32 L. Ed. 871.

The mere recital of the charge, considering the disparity in the ages of the parties, is revolting and arouses indignation. Of course, however, the case is not to be determined upon such considerations, and we must advert to the evidence for the determination of the question which is presented by this assignment of error.

There is enough in the testimony of the prosecutrix to support the verdict of the jury, but there are also in her statements certain inconsistencies with the sur-, rounding circumstances, with the physical facts, which with the evidence of her father, a witness for the Commonwealth, who surprised them at the place of the occurrence, might justify a verdict for a less serious offense. The place to which she had been carried by the accused in his automobile was in the woods, within

a very short distance of a much traveled public highway where other persons were likely to be, and it was in the early afternoon, June 24th.   The accused introduced three witnesses who testified that they were in fact in the immediate vicinity, saw the parties and heard some of their conversation, but heard no outcry and saw no struggle.   Although surprised by the father, he testified that he saw nothing incriminating, except that the child was apparently trying to get out of the automobile (they were both on the front seat); that the accused apparently had his arm around her, and that after he spoke she jumped out of the automobile and looked as if she had been crying.   While she testified to a desperate struggle; to his attempt to remove or disarrange her clothing, and that in his efforts to accomplish his purpose he exposed his person, nevertheless the father neither saw any such exposure nor any disarrangement of the clothing of either.   She bore no mark of violence.   She also testified that three times he had placed $1.25 in her lap, which she left undisturbed the last time.

[3] Without any reference to the testimony of the accused, who denied every charge of crime or impropriety, it seems quite apparent to us from the evidence for the Commonwealth that he was entitled to have the jury instructed upon the theory that, if guilty, his offense was not attempted rape, but that he tried to persuade her to consent to sexual intercourse; that by his conduct he made indecent proposals to her; that he made a technical assault upon her, but that he offered no violence which should be construed to be an attempt to commit rape, or to have intercourse with her against her will or without her consent.   This being true, under this indictment, it seems to us quite clear that he was entitled, even if the jury credited her

testimony and disbelieved his, to have them instructed in the alternative to that effect; and as we have indicated, if permitted to do so by the court, they might have found a verdict for a less serious offense.

This error of the court to the prejudice of the accused was repeated in the instruction given at the instance of the Commonwealth, which treated the case as one of attempted rape only. Under that instruction, the jury could only have found the accused guilty or not guilty of attempted rape. It seems to us perfectly clear that at some stage of the trial the other possible alternative should have been recognized, and that the jury should have been also told that under this indictment and the evidence submitted by the Commonwealth, they might find the accused guilty of an aggravated assault committed while attempting to induce the prosecutrix to consent to carnal intercourse, which crime, grave as it is, is not attempted rape.

We do not think it necessary to discuss the other errors assigned.

For the reasons indicated, the verdict will be set aside, the judgment reversed, and the case remanded for a new trial according to law.

*Reversed.*