# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## Boyd R. Richards v. Commonwealth.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*F. S. Tavenner* and *Herbert S. Larrick,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gib-son* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Boyd R. Richards, the accused, was indicted for an attempted rape, tried by a jury and found guilty. His punishment was fixed at confinement in the penitentiary for a period of ten years, and in accordance with the verdict of the jury he was sentenced by the court.

There are numerous assignments of error, but in our view of the case it becomes necessary to discuss only one of them. The ninth assignment, in our opinion, requires that the judgment be reversed and the case remanded for a new trial. For the purpose of a decision it will be unnecessary to state all of the facts as disclosed by the evidence.

The ninth assignment brings before this court the failure of the trial court to charge the jury that the accused might be found guilty of a lesser offense than attempted rape, which was the charge in the indictment. The record discloses, in this connection, that in the trial of the case the court charged the jury as follows: "The court charges the jury that if they find the defendant not guilty they shall say so and no more, but if they find him guilty they shall do so under sections 4414 and 4767, which sections the court read to the jury, as far as applicable, and shall fix his punishment under section 4767," and upon the request of the Commonwealth the following instruction was granted:

"Instruction 1. The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the defendant, Boyd R. Richards, attempted to carnally know the prosecutrix, Pauline Shryock, on the _____

day of August, 1931, and in the prosecution of said attempt did do any overt act towards its commission, and that the said Pauline Shryock was at the time of such attempt, a female child of the age of ten (10) years, you shall find the said defendant guilty, regardless of whether or not force was used by him in the attempt to accomplish his purpose, and regardless of whether or not the same was with or without the consent of the said Pauline Shryock, and shall fix his punishment at confinement in the penitentiary for not less than three (3) years nor more than life, or by death.

"But to constitute an attempt there must have been an actual intent on the part of the accused to have immediate intercourse with Pauline Shryock and some overt act done in pursuance of that intent."

Later the court of its own motion and over the objection of counsel for the accused gave the following instruction:

"Instruction 2. The jury are instructed that the indictment in this case charges: That Boyd R. Richards, on or about _____ day of August, 1931, did feloniously attempt to carnally know one Pauline Shryock, an infant of the age of ten years, by exposing his private parts and placing the same against the person of the said Pauline Shryock in an attempt to have sexual intercourse with her.

"If the jury shall believe from the evidence beyond a reasonable doubt that the charge contained in this indictment is true, then it would be the duty of the jury to return a verdict of guilty and to fix the punishment as provided for in the instruction numbered one."

No instruction was granted which would have permitted the jury to have found the accused guilty of a lesser offense than an attempted rape. Other instructions were granted, but none of them dealt with the point under consideration.

At the outset it is necessary to bear in mind that the indictment charged the accused with an attempted rape and the court, in Instruction 1, defined that crime

and concluded with the punishment which is fixed in Code, section 4767, at not less than three years nor more than life, or by death, yet the court charged the jury, as first above set out, that if they found the accused guilty, "They shall do so under section 4414 (as amended by Acts 1924, ch. 443) and section 4767 (as amended by laws 1930, ch. 32), which sections the court read to the jury * * *." Section 4414 (as amended by Acts 1924, ch. 443) creates the crime of rape and prescribes the punishment therefor of not less than five years nor more than life, or by death. Section 4767 (as amended by laws 1930, ch. 32) creates the offense of an attempted rape and fixes the punishment at from three years to life imprisonment, or death. The accused having been indicted for attempted rape under section 4767, the erroneous charge or instruction to the jury that if they found him guilty they should do so under sections 4414 and 4767 may have tended to confuse and mislead the jury in arriving at its verdict, since not only did this instruction go beyond the charge in the indictment, but it was in conflict with Instruction 1 as quoted above.

█ Certain it is that the essential elements as well as the punishments prescribed for rape and attempted rape are very different, the former being the more serious offense notwithstanding that the maximum punishment is the same for each offense under the statutes. *Cates* v. *Com.*, 111 Va. 837, 69 S. E. 520, 44 L. R. A. (N. S.) 1047. And although it might be said that the jury did not find the accused guilty of rape, and therefore he was not prejudiced by the conflicting instructions given, yet the effect of having impressed the minds of the jurors with the more serious crime of rape in conjunction with the offense charged would have had a greater tendency to unduly magnify the offense of the accused in the minds of the jurors than would have been the case had their direction been limited to the lesser offense as charged in the indictment.

█ Should the jury have been instructed that they could have found the accused guilty of a lesser offense

than an attempted rape? We think so. The testimony of the prosecutrix, who was a child nine or ten years old at the time, testified that he actually accomplishd his purpose. From her testimony he was guilty of rape. However, she waited some nine months before she informed anyone of the occurrence and during that time visited in the home of the accused for several days and nights, and actually slept in the same bedroom with him and his wife. She also testified that she attempted to make an outcry at the time, but was prevented by the accused placing his hand over her mouth. A physician introduced by the Commonwealth as an expert testified that he examined the child many months afterwards and in his opinion she might have been entered by the accused. His conclusion was based upon the fact that he found evidence of a prior injury to her private parts. Another physician testified that in his opinion the child had never been entered. He also examined the child many months afterwards.

. The accused flatly denied the charge made against him in the indictment. He testified that he was guilty of no wrongdoing whatever. In the light of his denial and his contradiction of the testimony of the prosecutrix, the jury would have been reasonably justified in accepting a portion of her testimony and rejecting the rest of it. The jury could have concluded from the evidence that the accused forcibly detained the prosecutrix and when she attempted to make an outcry he prevented it by placing his hand over her mouth, but that he did not expose his person or attempt to carnally know her. In other words, from the evidence the jury could have concluded that he went no farther than to detain her by force and place his hand over her mouth, and therefore they should have been instructed that the accused, in the event he was not found guilty of an attempted rape, could be found guilty of an assault, which, of course, carries a lesser penalty.

In *Ballard* v. *Commonwealth,* 149 Va. 377, 140 S. E. 116, the late Chief Justice Prentis, in a case of an attempted rape, said in substance that if justified by the evidence the

jury might have found the accused guilty of an assault under the indictment and that it was reversible error for the court to fail to so instruct them. In support of the rule the cases of *Thornton* v. *Com.,* 24 Gratt. (65 Va.) 662; *Porterfield* v. *Com.,* 91 Va. 802, 22 S. E. 352, and *Calton* v. *Utah,* 130 U. S. 83, 9 S. Ct. 435, 32 L. Ed. 871, were relied upon.

Justice Hudgins, in the recent case of *Tucker* v. *Com.,* 159 Va. 1038, 167 S. E. 253, reversed the judgment of the trial court where an accused had been indicted for murder, because upon the trial the court had failed to instruct the jury that the accused might have been found guilty of manslaughter.

Upon a new trial the questions presented by the other assignments are not likely to arise.

Our conclusion is that in this case the court should have instructed the jury that the accused might have been found guilty of an assault. The verdict will be set aside, the judgment reversed, and the case remanded for a new trial.

*Reversed and remanded.*

HOLT and EPES, JJ., concurring in results.