# Richmond

LLOYD WILLIAM RAINEY V. COMMONWEALTH OF VIRGINIA.

November 11, 1937.

Present, All the Justices.

The opinion states the case.

*W. R. Ashburn,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly, Jr.,* and *Ralph H. Ferrell, Jr., Special Assistants,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Lloyd William Rainey has been convicted of the crime of attempted rape, and he has been sentenced to confinement in the penitentiary for three years.

The Attorney General, in his brief, states that "The statement of facts contained in the petition of the accused may be taken as true and will not be amplified here." In brief it discloses that on the night of January 24, 1937, the accused and Geneva Melvin were arrested by the police officers

of Norfolk while they were occupying a parked automobile stationed on 24th street. He was charged with attempted rape.

There was no pretense that the accused sought to compel the girl to yield herself to him, nor any serious claim that she objected to his affectionate advances. He stated that he had no intention of using force but only intended to use persuasion to accomplish his purpose. This was not denied by the girl, who was then but fourteen years of age. Her own testimony was that he used no force other than pushing her down on the seat of the car. Her language was: "His privates were exposed. I was lying down. We had not done anything. He was just starting." She testified that she never consented, and he testified that without her consent he would not have had intercourse with her.

The first point raised by the accused is that the evidence is not sufficient to support a conviction of an attempt because there is an entire lack of evidence of a felonious intent, and that the most that can be made of the evidence is that his conduct amounted to no more than mere preparation.

Our view of the evidence in this case is that if the sexual act had taken place, without actual force, a conviction of statutory rape would have been warranted because the girl was between the ages of fourteen and sixteen years and her consent to the act could not operate to prevent it from being a crime. (Code, sec. 4414, as amended by Acts 1924, ch. 443.) It being no defense when the sexual act is completed, it likewise is no defense to an attempt to commit the crime of statutory rape.

The accused testified that he did not know that the girl was under sixteen years of age, and from this it is argued that he did not possess the felonious intent which is a necessary ingredient of the offense of an attempted rape.

Was knowledge of the age of the girl essential? The statute (Code, sec. 4414, as amended) reads, in part, as follows: "But if such female child be between the ages of fourteen and sixteen years * * * and consents to the carnal

knowledge, the punishment shall be confinement in the penitentiary not less than one nor more than twenty years * * *."

It is observed that the statute does not require that the accused must possess knowledge of the victim's age when the sexual act takes place in order to constitute the crime of statutory rape. We do not think such knowledge is essential to constitute an attempt.

The evidence of the Commonwealth tends to show that the accused committed overt acts which amounted to more than mere preparation to commit the crime. We will not recount them here. If the Commonwealth's evidence is believed, those acts certainly amounted to the "commencement of the consummation" of statutory rape, and therefore constituted an attempt.

The accused contends that the court should have instructed the jury that he could have been found guilty of a lesser offense than attempted rape. We think this contention is without merit because there was no evidence upon which to base such an instruction. The testimony of the accused when he was examined as a witness clearly negatives any contention that he was guilty of any lesser offense. His testimony was sufficient to convict him of an attempt to commit statutory rape. There was no evidence upon which a finding of a lesser offense could be based. Under these circumstances, such an instruction would not have been proper.

In murder cases we have held that the accused is entitled to an instruction defining the lesser offenses, even though all the evidence tends to show that the accused was guilty of murder (*Tucker* v. *Commonwealth*, 159 Va. 1038, 167 S. E. 253) ; but compare *Bell* v. *Commonwealth*, 167 Va. 526, 189 S. E. 441, and *Little* v. *Commonwealth*, 163 Va. 1020, 175 S. E. 767, where we approved the action of the trial court in refusing to instruct the jury upon the lesser offenses when the evidence disclosed that the accused was either guilty of murder or was not guilty of any offense.

In *Richards* v. *Commonwealth*, 161 Va. 1073, 171 S. E. 525, the jury could have reasonably found the accused guilty

of the lesser offense under the evidence in that case, and therefore we held that he was entitled to have the jury so instructed.

In *Ballard* v. *Commonwealth,* 149 Va. 377, 140 S. E. 116, the evidence of the Commonwealth disclosed a case of force, and if the jury did not believe an attempted rape had been committed, they still could have justly found that an assault had been committed for which the penalty was less than that prescribed for an attempted rape.

The Attorney General concedes that the second assignment of error is well taken, and will necessarily require a reversal of the judgment. That assignment is: "The jury were erroneously instructed as to the limits of punishment."

■ The court instructed the jury that if they believed that the accused attempted to have sexual intercourse with Geneva Melvin, and that she was fourteen years of age, they should find him guilty and fix his punishment at death or by confinement in the penitentiary for life, or for any term not less than three years.

The punishment in the instruction is provided by Code, sec. 4767, as amended by Acts 1936, ch. 25, for an attempt to commit rape where the complete offense could be punishable by death. We do not think the evidence justified the instruction for if the offense had been fully consummated, under the circumstances narrated here, it at most would have been statutory rape, a non-capital crime. Under the evidence the accused was entitled to an instruction defining the punishment for an attempt to commit statutory rape, a non-capital crime, which as we have seen is less than that defined in the instruction given. *Buzzard* v. *Commonwealth,* 134 Va. 641, 114 S. E. 664; Code, sec. 4767, as amended.

For this error the judgment is reversed, the verdict set aside, and the case is remanded for a new trial.

*Reversed.*