# Staunton

## Edward V. Taylor v. Commonwealth of Virginia.

September 3, 1947.

Record No. 3240.

Present, Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*Ashton Dovell* and *R. Nelson Smith*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *Henry T. Wickham, Special Assistant*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review the second conviction of Edward V. Taylor for involuntary manslaughter on the same indictment for murder. The first conviction was reversed by this court pursuant to an opinion by a divided court, reported in 185 Va. 224, 38 S. E. (2d) 440, on the ground that one of the instructions given constituted reversible error.

The evidence introduced in the two trials was substantially the same and need not be repeated. It is sufficient to say that the evidence for the Commonwealth tended to prove murder in the first degree with no ameliorating circumstances and the evidence for the accused—mainly his own testimony—tended to show a justifiable homicide.

The first verdict of the jury, finding the accused guilty of involuntary manslaughter, acquitted him of the higher offenses charged. Code, sec. 4918, expressly provides

that on a new trial the accused "shall not be tried for any higher offense than that of which he was convicted on the last trial."*

The contention of the accused is that, since the record contains no evidence tending to prove involuntary manslaughter, it was error for the court to give any instructions on that grade of offense.

Judge Keith, in the leading case, *Burton* v. *Commonwealth*, 108 Va. 892, 900, 62 S. E. 376, declared that the verdict of a jury, finding an accused guilty of a lesser degree of homicide, would not be disturbed even though the evidence adduced tended to prove murder in the first degree and none other. Among the reasons for so holding, he said that, unless this practical application of the principles of law was upheld, "owing to the tenderness of juries and their reluctance to impose the highest penalty, many crimes would go wholly unpunished, and thus the rigor of the law would tend rather to the promotion than to the prevention of crime." For nearly fifty years the rule so declared has been followed consistently. Among the many cases applying the rule, see *LaMarr* v. *Commonwealth*, 183 Va. 859, 33 S. E. (2d) 641; *Puckett* v. *Commonwealth*, 182 Va. 237, 28 S. E. (2d) 619; *Fleming* v. *Commonwealth*, 170 Va. 636, 196 S. E. 696; *Maxwell* v. *Commonwealth*, 165 Va. 860, 183 S. E. 452; *Tucker* v. *Commonwealth*, 159 Va. 1038, 167 S. E. 253; *Connell* v. *Commonwealth*, 144 Va. 553, 131 S. E. 196.

There is authority from other jurisdictions which is not in accord with this rule. In 41 C. J. S., Homicide, sec. 409, this is said: "In some, but not in all, jurisdictions, where there is evidence to establish guilt of a higher degree of crime than that of which the accused is convicted, the verdict will not be set aside even though there is no evidence

*For a history of this statute, see *Cates* v. *Commonwealth*, 111 Va. 837, 69 S. E. 520, 44 L. R. A., N. S., 1047. Judge Buchanan, delivering the opinion, held that the verdict of a jury on the first trial convicting the accused of attempted rape was an acquittal of the charge of rape, although the punishment for the two offenses was the same.

reducing the degree of crime to that of which the accused is convicted."

For a more detailed discussion, see 26 Am. Jur., Homicide, sections 558-564; 21 A. L. R. 624; 27 A. L. R. 1100; 102 A. L. R. 1029; *Sparf* v. *United States,* 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343.

■ It is reversible error for the trial court to refuse to instruct the jury on the lesser offenses charged in the indictment if there is any evidence in the record tending to prove such lesser offenses. *Bradshaw* v. *Commonwealth,* 174 Va. 391, 4 S. E. (2d) 752; *Rainey* v. *Commonwealth,* 169 Va. 892, 193 S. E. 501; *Hale* v. *Commonwealth,* 165 Va. 808, 183 S. E. 180; *Richards* v. *Commonwealth,* 161 Va. 1073, 171 S. E. 525; *Tucker* v. *Commonwealth,* *supra*; *Stevenson* v. *United States,* 162 U. S. 313, 16 S. Ct. 839, 40 L. Ed. 980.

■ It is not reversible error for the trial court to refuse to instruct the jury on the lesser offenses charged in the indictment if the record contains no evidence tending to prove them. *Bell* v. *Commonwealth,* 167 Va. 526, 189 S. E. 441; *Little* v. *Commonwealth,* 163 Va. 1020, 175 S. E. 767; *Sparf* v. *United States, supra.*

Notwithstanding the · *obiter dicta* in several Virginia opinions, we have found no case in which this court has reversed the trial court solely on the ground that the jury were instructed on the lesser grade of offense included in the indictment where the only evidence in the record tended to prove a higher grade of crime charged.

"While there is some conflict on the question, the rule supported by the weight of authority seems to be that if the evidence demands or warrants a conviction of a higher degree of homicide than that found by the verdict, and there is either no evidence in support of acquittal or, if there is, it is not sufficient to warrant or require acquittal, or is disbelieved by the jury, the defendant is not entitled to a reversal or a new trial on the ground that the court instructed on the lower degree of homicide, as to which there was no evidence, the theory being that he is not

prejudiced thereby and cannot complain." 26 Am. Jur., p. 550.

The lower court on the second trial was confronted with this situation. The indictment charged the accused with murder, but the effect of the first verdict of the jury, finding him guilty of involuntary manslaughter, under the provisions of Code, sec. 4918, was to acquit him of murder in either degree and voluntary manslaughter. The only verdict, convicting the accused of a felony, that the court could have sustained was a verdict finding the accused guilty of involuntary manslaughter. Under these circumstances, the court allowed, as it should have done, the Commonwealth to introduce all available evidence tending to prove the crime charged. It is always the duty of the court at the proper time to instruct the jury on all principles of law applicable to the pleadings and the evidence. This duty required the court to instruct the jury in no uncertain terms that the first conviction, which had been reversed, acquitted the accused of all degrees of crime charged in the indictment higher than involuntary manslaughter, and that, even if they believed from the evidence that the accused was guilty of murder in the first degree, the provisions of the statute prohibted them from returning a verdict finding the accused guilty of any crime higher than involuntary manslaughter.

The trial court accomplished this purpose indirectly. It confined its instructions for the Commonwealth to the definition of involuntary manslaughter and to the punishment prescribed therefor. The jury would have had a more intelligent understanding of the situation if they had been told why, if they believed the accused to be guilty of any offense, they were limited in fixing the grade of the offense.

Under the facts and circumstances related, the trial court did not commit reversible error in confining the instructions to involuntary manslaughter.

The next assignment of error is based on the opening statement of the Commonwealth's attorney to the jury and

the admission of certain evidence over the objection of the accused.

■ The mere repetition of the remarks of the Commonwealth's attorney, to which objection was made, clearly reveals that they were not prejudicial. They were: "York County is deeply interested in the trial of this case. We feel that there are certain circumstances connected with this killing that ought to be considered by the jury." The very fact that the grand jury "in and for the body of the County of York" returned in open court "a true bill" charging the accused with murder is a self-evident fact that the citizens of York county and all good citizens of the Commonwealth of Virginia were interested in investigating the circumstances surrounding the killing of another citizen. While the remarks were unnecessary, they neither added to nor detracted from the conceded fact that a citizen had been killed and the accused stood charged as the criminal agent.

Objection was made to the admission of a statement made by Vivian Hayes, a witness for the Commonwealth, to the effect that the accused shot her at or about the same time that he shot and killed Frank Burks. The ground of this objection was that the accused had been tried and acquitted for the shooting of Vivian Hayes.

■ It appeared from the evidence for the Commonwealth that, while Vivian Hayes was talking to Frank Burks, the accused came up and, without provocation, started shooting; that the first three of the four shots struck Burks; and that the fourth shot hit Vivian Hayes, who was standing close by. The only inference to be drawn from this evidence is that the four shots were fired in rapid succession. Under these circumstances, the court correctly ruled that the shooting of Vivian Hayes was a part of the *res gestae* and that the cases were so closely tied together that it was impossible intelligently to try one without admitting some testimony concerning the other. The court then and there instructed the jury that the accused was not being tried for the shooting of Vivian Hayes, that he had been tried and acquitted for that alleged offense.

The last assignment of error is based on the alleged improper argument of the Commonwealth's attorney, which is as follows:

"Mr. Dovell (attorney for the accused) tells you that the evidence in this case on behalf of the Commonwealth shows murder, and on behalf of the accused shows justifiable self-defense, and that there is no evidence supporting involuntary manslaughter. Now let's see what the Court tells you about this."

He then read Instruction C, which we quote: "The Court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the accused, Edward Taylor, fired upon Frank Burks with such negligence or recklessness as is incompatible with proper regard for human life, and said shooting caused the death of Burks, you should find him guilty of involuntary manslaughter."

The Commonwealth's attorney then continued his argument:

"Therefore, Gentlemen of the Jury, the Court tells you that if Ed Taylor fired his gun recklessly he is guilty of involuntary manslaughter. The Court does not agree with Mr. Dovell, and what is more, Ed Taylor has not yet given you any explanation as to why he shot Vivian Hayes."

The objections interposed, the motions of the accused and the rulings of the court thereon, as stated in the record, are set forth below:

"Whereupon, the accused, by counsel, objected to the argument made by the Commonwealth's Attorney to the jury for the reason that the instruction was given an erroneous meaning by the Commonwealth's Attorney, and for the further reason that the accused had been tried and found not guilty by a jury on the indictment charging him with the shooting of Vivian Hayes, and asked the Court to again instruct the jury to disregard this argument and to further instruct the jury that the accused had been acquitted of all crimes in connection with the shooting of Vivian Hayes. The Court made the following statement:

'The Court thinks you are getting on dangerous ground, Mr. Cornick, I think you have gone far enough.' And the Court stated in the presence of the jury that the Court had already so instructed the jury."

The trial judge did not permit the line of argument to proceed unchecked. He made it clear to the jury that the accused had been acquitted of the shooting of Vivian Hayes. It seems very improbable that the jury was, or could have been, misled by the statements of the Commonwealth's attorney. While the trial judge might have been more positive in his admonition to the Commonwealth's attorney and in his ruling, he sustained, in part at least, the objections to this line of argument. The accused excepted to the ruling but permitted the case to go to the jury without moving for a mistrial.

In *McLean* v. *Commonwealth*, 186 Va. 398, 43 S. E. (2d) 45, we reviewed the Virginia cases on this subject and held that the ruling of the trial court on the objection to comments or arguments before the jury is a matter largely within the discretion of the trial court, whose decision will not be disturbed unless it appears probable that the party complaining has been substantially prejudiced.

The judgment is affirmed.

*Affirmed.*