## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

David P. Markva

### Case No. (Criminal) 85495

July 25, 1994

BY JUDGE F. BRUCE BACH

This matter was before the Court on July 15, 1994, on the defendant's Motion to Quash Indictment and Motion In Limine. After hearing counsel's arguments, the Court took the both motions under advisement.

The indictment against the Defendant for Attempted Statutory Burglary is a concise and definite written statement describing the offense charged, as required by Virginia Code Section 19.2-220. It clearly provides the Defendant notice of the nature and character of the offense charged. The language of this indictment is distinguishable from overly broad indictments identifying an underlying offense as "a felony," "a misdemeanor," or a "criminal offense." See *Taylor v. Commonwealth*, 207 Va. 326 (1966). The Commonwealth has sufficiently limited the indictment so as to give the defendant notice of what underlying offenses it will attempt to prove at trial; therefore, the Motion to Quash the Indictment is denied.

Under Virginia law, evidence relating to prior criminal conduct is admissible when relevant to an element of the instant offense. 1 Charles E. Friend, *The Law of Evidence in Virginia*, § 12-15 (1993). As the standard for admissibility is lower than the "beyond a reasonable doubt" standard for a determination of guilt, the Commonwealth may introduce evidence of a prior crime for which the defendant was acquitted "as long as the

prior acquittal did not determine an ultimate issue in the present case."
*Dowling v. United States*, 493 U.S. 342, 110 S. Ct. 668, 672 (1990). It is
clear from the trial transcript that the jury in Criminal No. 84474 found
reasonable doubt that the defendant was the individual who entered the
victim's apartment on January 21, 1994; however, that determination does
not affect the ultimate issue in the present case which arises from an
independent incident. Collateral estoppel does not apply. Defendant's Mo-
tion in Limine is denied.

November 3, 1994

By Judge Rosemarie Annunziata

The defendant in this matter asks the court to set aside the jury verdict
finding him guilty of attempted statutory burglary with the specific intent
to commit destruction of property, an unlawful entry, and for the purpose
of stalking. The following facts are relevant. On April 18, 1994, the de-
fendant was indicted in Criminal No. 84474 with Breaking and Entering
the dwelling of Wendy Marx on January 21, 1994, with the intent to
commit a felony other than murder, rape or robbery. Defendant was also
indicted in Criminal No. 84473 with attempting to break and enter the
dwelling house of Wendy Marx on March 3, 1994, while such dwelling
was occupied, with the intent to commit a misdemeanor.

On May 26, 1994, a jury found the defendant not guilty of breaking and
entering on January 21, 1994, the offense charged in Criminal No. 84474.
On May 27, 1994, the indictment in Criminal No. 84473, in which the
defendant was charged with attempted breaking and entering on March 3,
1994, was quashed. Subsequently on June 20, 1994, the grand jury re-
turned a new indictment in Criminal No. 85495 for the March 3, 1994,
attempted breaking and entering.

On September 7 and 8, 1994, a jury trial was held in Criminal No.
85495. The jury found the defendant guilty of attempted burglary with the
specific intent to destroy property, commit an unlawful entry and for the
purpose of stalking.

In support of his post-trial motion seeking to have the jury verdict set
aside, defendant first cites as error the admission into evidence of the
January 21, 1994, offense, of which he was acquitted. Defendant further
contends that, even if the evidence was properly admitted, the jury should
have been instructed that he had been acquitted of the earlier charge.
Defendant concedes, however, that he neither sought to introduce evidence

of the acquittal nor requested such an instruction. Defendant cites the cases of *Dowling v. United States*, 493 U.S. 441 (1990), and *Taylor v. Commonwealth*, 186 Va. 587 (1947), in support of his position.

It should first be noted that in an earlier hearing, another judge of this Court denied defendant's motion *in limine*, in which he claimed that the evidence relating to the January 21, 1994, incident should not be admitted on collateral estoppel grounds. The Court concluded that collateral estoppel was inapplicable because the prior acquittal did not determine an ultimate issue in the present case. *See* Opinion Letter dated July 25, 1994, the Hon. F. Bruce Bach (citing 1 Charles E. Friend, *The Law of Evidence in Virginia*, § 12-15 (1993), and *Dowling v. United States*, 493 U.S. 342, 110 S. Ct. 668 (1990)). For the reasons that follow, and based on the absence of any new grounds, defendant's motion to reconsider this decision is denied.

The Fifth Amendment's guarantee against double jeopardy is the general principle from which the doctrine of collateral estoppel derives, the latter precluding relitigation of facts underlying a prior acquittal. *Ashe v. Swenson*, 397 U.S. 436, 445-446, 25 L. Ed. 2d 469 (1970). In order for collateral estoppel to operate, a necessary element in the second trial must have been clearly adjudicated in the prior proceeding. *Simon v. Commonwealth*, 220 Va. 412 (1979). Collateral estoppel is applicable only when the prior litigation necessarily resolved the issue now in litigation. As noted in the earlier decision in this case, while "it is clear from the trial transcript that the jury in Criminal No. 84474 found reasonable doubt that the defendant was the individual who entered the victim's apartment on January 21, 1994 . . . that determination does not affect the ultimate issue in the present case which arises from an independent incident." *Supra.*

Further, an acquittal in a prior case does not preclude relitigation of an issue when it is presented in a subsequent action governed by a lower standard of proof. *Dowling v. United States*, 493 U.S. 342, 110 S. Ct. 668 (1990). *See also supra.* At the trial of the January offense in Criminal No. 84474, the Commonwealth had the burden of proving beyond a reasonable doubt that the defendant was the perpetrator. However, to establish the admissibility of the January offense in the trial of the March incident, the Commonwealth had only to establish its relevance, that is, whether the jury could reasonably have concluded that the January incident occurred and that the defendant was the actor. *See Dowling*, 493 U.S. at 717-718, and *Huddleston v. United States*, 485 U.S. 681 (1988). *See also United States v. One Assortment of 89 Firearms*, 465 U.S. 354 (1984). A jury

could so reasonably conclude without believing beyond a reasonable doubt that the defendant committed the crime charged in the first trial.

As to the admissibility of the fact of acquittal, I first note that evidence of the January offense was admitted in the present case solely on the issue of the defendant's specific intent to commit certain misdemeanors and the jury was accordingly instructed.[1] Defendant's intent to commit these misdemeanors was not the subject of the earlier trial.

The cases are split on whether the defendant is entitled to prove his acquittal of the prior offense, once it has been decided that the precise evidentiary issue relating to the other offense which the defendant seeks to exclude from admission, was not necessarily resolved in the defendant's favor by the verdict of acquittal. A number of courts which have found such evidence to be admissible have held that the defendant is not entitled to prove his acquittal, finding such evidence, as a matter of logic, to be irrelevant and misleading. *See, e.g.,* Christopher Bello, Annotation, "Admissibility of Evidence as to Other Offense as Affected by Defendant's Acquittal of that Offense," 25 A.L.R. 4th 934 (1983). Other courts have found such evidence to be admissible on the grounds of relevance, or without articulating any governing rule of admissibility. *Id.*

In Virginia, there are only two cases which appear to address the issue. In *Taylor v. Commonwealth, supra,* the evidence of a prior bad act was admitted as part of the *res gestae* of the crime then being tried, and it is noted without comment that the jury was instructed that the defendant had been acquitted of the prior offense. In *Simon v. Commonwealth, supra* at 410, defendant was charged and acquitted of driving under the influence of alcohol. The Court agreed that in defendant's subsequent trial for involuntary manslaughter, the doctrine of collateral estoppel precluded relitigation of the issue of intoxication, but not the admission of evidence that the defendant had consumed alcohol shortly before the accident. The Court directed the trial court, however, that if such evidence were admitted, the jury must be instructed that defendant was not legally intoxicated and that the evidence may be considered only on the issue of "recklessness." *Id.* at 410.

---

[1] The jury was instructed as follows: "You may consider evidence that [the defendant] may have committed an offense or offenses other than the offense for which he is on trial only as evidence of the defendant's intent in connection with the offense for which he is on trial and for no other purpose."

Neither of these cases stand for the proposition that a failure to give such an instruction, particularly when none was requested, and when no evidence on the issue was adduced, is not error. Nor do the cases stand for the proposition that evidence of acquittal must be admitted under all circumstances, or that an instruction regarding the prior acquittal must always be given.

In the present case, I find the defendant's failure to present evidence of acquittal and his failure to ask for an instruction regarding the fact of acquittal are fatal to his position. *Oden v. Salch*, 237 Va. 525 (1989), and *Jimenez v. Commonwealth*, 10 Va. App. 277 (1990). Even were these omissions not fatal, I find that under the facts of this case, evidence of acquittal would be inadmissible and an instruction improper on the ground that such evidence and/or instruction would have been potentially misleading. As noted above, evidence of the prior offense was admitted solely for the purpose of establishing specific intent; evidence and/or an instruction regarding his acquittal could have misled the jury into believing that the issue of specific intent was resolved in defendant's favor in the prior trial.

Defendant also predicates his motion to set aside the jury verdict in this case on the ground that the prosecution failed to disclose specifically requested *Brady* material and failed to correct testimony by the complaining witness claimed to be perjured. This Court, in a prior hearing, determined that statements in the investigation report made by the complaining witness to the police concerning the period in which she claimed to have observed the defendant attempting to enter her apartment and concerning the time she called the police should have been disclosed, as they relate to the witness's credibility.

While it is clear that "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable," *United States v. Agurs*, 427 U.S. 97, 96 S. Ct. 2392, 2399 (1976), it does not follow that a verdict must be set aside automatically for every such non-disclosure. *Id.* at 2401. Implicit in the holding in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), is "a concern that the suppressed evidence might have affected the outcome of the trial." *Agurs*, 96 S. Ct. at 2398. Furthermore, the standard articulated in these cases does not focus on the impact of the failure to disclose material evidence on the defendant's ability to prepare for trial. *Id.* at 2401, n. 20. Rather, the overriding concern is with the "justice of the finding of guilt."

In the present case, the discrepancies in the complainant's testimony were also made manifest in the tape of her 911 call to the police, which

was admitted into evidence. This tape was disclosed to the defendant. Under these circumstances, I do not find that the verdict in this case would have been affected had the evidence been disclosed. In light of the foregoing, the jury verdict in this case will not be set aside on this ground.