## A06A1350. HAYWOOD v. THE STATE.
### (642 SE2d 203)

BLACKBURN, Presiding Judge.

Following a jury trial, Adrian Haywood appeals his conviction on one count of statutory rape and on one count of child molestation, contending that the trial court erred in granting the State's motion in limine to exclude evidence of Haywood's belief that the victim was over the age of consent. We disagree and affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Haywood] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Eady v. State*.[1] So viewed, the evidence shows that F. M., a 15-year-old girl, asked Haywood to drive F. M.'s friend home from F. M.'s house. Haywood agreed and F. M. rode along. Upon dropping the friend off, Haywood took F. M. to a hotel, where he had sex with her. Haywood then drove F. M. back to her house and ordered her not to tell anyone.

Haywood was indicted for statutory rape,[2] child molestation,[3] and rape,[4] and a jury found him guilty of statutory rape and child molestation, and acquitted him of rape. After sentencing, the trial court found that Haywood's child molestation conviction merged with the statutory rape conviction and vacated the sentence for child molestation.

Haywood now appeals, contending that the trial court erred in granting the State's pretrial motion in limine, which sought to exclude any evidence showing that Haywood believed F. M. was over the age of consent. We disagree.

Under OCGA § 16-6-3, "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse." "With regard to statutory rape . . . , the defendant's knowledge of the age of the female is not an essential element of the crime . . . and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent." (Punctuation omitted.) *Tant v. State*.[5] Because Haywood's knowledge of F. M.'s age was not relevant to the charge of statutory rape, and "[a]s the admission of evidence rests within the trial court's sole discretion, we find that the trial

---

[1] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

[2] OCGA § 16-6-3.

[3] OCGA § 16-6-4.

[4] OCGA § 16-6-1.

[5] *Tant v. State*, 158 Ga. App. 624, 624-625 (2) (281 SE2d 357) (1981).

court did not abuse its discretion by granting the State's motion in limine." *Stewart v. State.*[6]

Haywood also argues that the evidence regarding F. M.'s age would somehow be relevant to the charges of rape and child molestation. As Haywood was found not guilty of rape, and as his conviction for child molestation merged with the conviction for statutory rape, this argument is moot. Moreover, we note that "knowledge of the victim's age is not an element of the crime of child molestation. The legislature has carefully worded the child molestation statute so that the defendant's knowledge of the age of the victim is not an element of the crime, just as it is not an element of the crime of statutory rape." (Punctuation omitted.) *Bennett v. State.*[7] Therefore, this argument is without merit.

Finally, Haywood argues that he should have been allowed to use alleged contradictory statements F. M. made about her age to impeach her. As support, he cites OCGA § 24-9-83, which provides that "[a] witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." We have emphasized that "impeachment must concern relevant issues. A witness may not be impeached by contradictory statements previously made by him as to immaterial matters." (Citation and emphasis omitted.) *Wakily v. State.*[8] See *Garrett v. State*[9] ("a previous statement in regard to irrelevant, collateral or immaterial matter would not be admissible for impeachment, regardless of how contradictory it might be") (punctuation omitted). F. M.'s actual age was not contested at trial, and as Haywood's knowledge of F. M.'s age was not relevant to the case, we discern no error.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 13, 2007.

*Phillips & Graham, Johnnie M. Graham,* for appellant.
*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney,* for appellee.

---

[6] *Stewart v. State,* 210 Ga. App. 474, 476 (6) (436 SE2d 679) (1993).
[7] *Bennett v. State,* 279 Ga. App. 371, 373 (2) (631 SE2d 402) (2006).
[8] *Wakily v. State,* 225 Ga. App. 56, 59 (4) (483 SE2d 313) (1997).
[9] *Garrett v. State,* 169 Ga. App. 327, 328 (312 SE2d 621) (1983).