UNITED STATES, Appellee

v.

Alexander N. WILSON, Private
U.S. Army, Appellant

No. 06-0870

Crim. App. No. 20040227

United States Court of Appeals for the Armed Forces

Argued April 30, 2007, and October 17, 2007

Decided February 25, 2008

RYAN, J., delivered the opinion of the Court, in which ERDMANN and STUCKY, JJ., joined. EFFRON, C.J., and BAKER, J., each filed a separate dissenting opinion.

<u>Counsel</u>

For Appellant: Captain Ryan M. Suerth and Captain Frank Ulmer (argued); Lieutenant Colonel Steven C. Henricks, Major Tyesha E. Lowery, and Major Sean F. Mangan (on brief); Colonel Christopher J. O'Brien, Colonel John T. Phelps II, Major Fansu Ku, and Major Billy B. Ruhling II.

For Appellee: Major Tami L. Dillahunt and Captain Adam S. Kazin (argued); Colonel John W. Miller II and Lieutenant Colonel Michele B. Shields (on brief); Captain Elizabeth G. Marotta.

Amicus Curiae for Appellant: Captain Robert Blazewick, JAGC, USN, Captain Robert Taishoff, JAGC, USN, Lieutenant Commander Thomas P. Belsky, JAGC, USN, Lieutenant Kathleen Kadlec, JAGC, USN, and Lieutenant Brian L. Mizer, JAGC, USN (on brief)-- for the Navy-Marine Corps Appellate Defense Division.

Military Judge: Debra Boudreau

**<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>**

Judge RYAN delivered the opinion of the Court.

A special court-martial, composed of a military judge alone, convicted Appellant, pursuant to his pleas, of failing to go to an appointed place of duty, disobeying a commissioned officer, carnal knowledge, and sodomy with a child under sixteen, in violation of Articles 86, 90, 120, and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890, 920, 925 (2000). The sentence adjudged by the special court-martial and approved by the convening authority included a bad-conduct discharge, reduction to the lowest enlisted grade, and confinement for eighty days. The United States Army Court of Criminal Appeals summarily affirmed the findings and sentence. United States v. Wilson, No. ARMY 20040227 (A. Ct. Crim. App. May 15, 2006) (unpublished).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE ARMY COURT ERRED BY AFFIRMING THE FINDINGS
> AND SENTENCE WHERE THE MILITARY JUDGE, IN ACCEPTING
> APPELLANT'S GUILTY PLEA TO SODOMY WITH A CHILD UNDER
> 16, INSTRUCTED APPELLANT THAT HIS HONEST AND
> REASONABLE MISTAKE OF FACT DID NOT CONSTITUTE A
> DEFENSE.[1]

After hearing argument, this Court specified the following issue for a second round of briefing and argument and invited all

---

[1] 64 M.J. 438 (C.A.A.F. 2007).

government and defense appellate divisions to file briefs as amici curiae:

> IS THE DEFENSE OF MISTAKE OF FACT AS TO AGE AVAILABLE WITH RESPECT TO A CHARGE OF SODOMY WITH A CHILD UNDER THE AGE OF 16, ARTICLE 125, 10 U.S.C. § 825?[2]

The military judge determined at trial that there was no such defense. The Army Court of Criminal Appeals agreed in a summary disposition. We agree. There is no mistake of fact defense available with regard to the child's age in the Article 125, UCMJ, offense of sodomy with a child under the age of sixteen.

## Background

The facts, as they pertain to the granted and specified issues, need only be briefly recounted. The providence inquiry and stipulation of facts show that on or about September 13, 2003, through October 20, 2003, Appellant had sexual intercourse and engaged in sodomy at least once a day with TS. TS was, in fact, fifteen years old during this time. But TS told Appellant at their first meeting on September 13, 2003, that she was eighteen years old. The record presents conflicting evidence as to whether or when Appellant discovered TS's actual age.

The charged Article 125, UCMJ, offense alleged that Appellant did "on divers occasions . . . commit sodomy with [TS], a child under the age of 16 years." At trial, the

---

[2] 65 M.J. 254 (C.A.A.F. 2007).

military judge informed Appellant that, "it's also no defense if you were ignorant or misinformed as to [TS]'s true age. It's the fact of her age not your knowledge or belief that affixes criminal responsibility." Appellant asserts that the military judge's statement on this point was incorrect, and argues that based on this incorrect statement of the law his plea should be set aside.

## Analysis

Generally, the analysis as to whether a mistake of fact defense is available turns on the question whether a mistake with respect to the fact in question negates a required mental state essential to the crime charged. Wayne R. LeFave, Substantive Criminal Law § 5.6 (2d ed. 2003). The answer to that question, in turn, is a matter of statutory construction, and, when necessary, an "'inference of the intent of Congress.'" Staples v. United States, 511 U.S. 600, 605 (1994) (quoting United States v. Balint, 258 U.S. 250, 253 (1922)). The statute may specifically list a mens rea for a fact, and the mens rea may differ for different facts that constitute the crime. See Carter v. United States, 530 U.S. 255, 268-69 (2000); Liparota v. United States, 471 U.S. 419, 423 n.5 (1985).

Even where the statute, by its terms, does not provide a mens rea with respect to a particular fact, courts may read in

an intent in order to effectuate "the background rule of the common law favoring mens rea." Staples, 511 U.S. at 619 n.17. Under either of these two scenarios, Rule for Courts-Martial (R.C.M.) 916(j)(1) allows a mistake of fact defense.

Nor do we question that even where the statute does not require mens rea with respect to a particular fact, whether expressly or impliedly, the legislature or the executive may, as a matter of policy, explicitly add a mistake of fact defense. See Article 120, UCMJ; R.C.M. 916(j)(2) (providing a mistake of fact as to age defense when the sexual conduct involves a person at least twelve, but less than sixteen, years old).[3] In other words, even though the government need not prove any mens rea with respect to a particular fact essential to the crime charged, a mistake of fact defense may be created by the appropriate policymaker.

---

[3] We note that Article 120, UCMJ, and the R.C.M. 916(j) elucidation of the Article 120, UCMJ, mistake of fact defense, as applicable at the time of Appellant's case, have since been amended. See National Defense Authorization Act (NDAA) for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136, 3257-63 (West) (to be codified as amended at 10 U.S.C. § 920); Exec. Order No. 13,447, 72 Fed. Reg. 56,179 (Oct. 2, 2007). These changes do not affect our analysis in this case as both the 2000 and 2006 version of Article 120, UCMJ, contain a mistake of fact defense as to the age of a child when the criminality of the conduct in question turns on the child being older than twelve and younger than sixteen. See Article 120(d), UCMJ, 10 U.S.C. §920 (2000); Article 120(o), UCMJ, 2006 NDAA §552, 119 Stat. at 3258-59.

The charge and specification in this case setting forth the violation of Article 125, UCMJ, required the Government to allege and prove that Appellant:  (1) engaged in sodomy with TS, and (2) that TS was under the age of sixteen.  See Manual for Courts-Martial, United States pt. IV, para. 51.e. (2005 ed.) (MCM) (listing facts that increase the maximum punishment); R.C.M. 307(c)(3) (stating that such facts need to be alleged). While the conduct charged under Article 125, UCMJ, in this case remains criminal, an act of sodomy in private between consenting adults may not be, absent some other fact.  See Lawrence v. Texas, 539 U.S. 558, 578 (2003) (reasoning that the constitutionally protected sodomy did "not involve minors"); United States v. Marcum, 60 M.J. 198, 203-08 (C.A.A.F. 2004) (noting Lawrence's exceptions for cases involving minors, or persons "'who might be injured or coerced or who are situated in relationships where consent might not easily be refused'" in upholding Article 125, UCMJ, as applied in a case of sodomy within the chain of command) (citation omitted).

It is because the criminal nature of the conduct in this case may depend upon the fact of age that we undertake the mens rea analysis with respect to that fact, and not because we otherwise hold that mens rea must exist for every fact that results in increased punishment in every offense.  Thus, the question is whether there is mens rea with respect to the fact

that TS was under sixteen: whether Appellant had to know that she was under sixteen. If not, the only remaining question is whether this Court should nonetheless provide a mistake of fact defense with respect to age, even where Appellant's knowledge of that fact is irrelevant, and even where the appropriate policymakers have declined to do so.

I.

Given the language of Article 125, UCMJ, and the MCM, the manner in which almost every other criminal jurisdiction in the United States deals with the issue of knowledge with respect to age in sexual offenses involving children, and the studied inaction with respect to such a defense to sodomy with a child by Congress and the President, we decline to find or imply a mistake of fact defense with respect to the age of the child under Article 125, UCMJ.[4]

A.

The mens rea with respect to a fact essential to a charged offense is a "question of statutory construction." Staples, 511 U.S. at 604. We begin with the text of the statute in question.

---

[4] Both parties cite this Court's opinion in United States v. Zachary, 63 M.J. 438 (C.A.A.F. 2006), to support the position that a mistake of fact defense exists with respect to the age of the child for the offense of sodomy with a child under sixteen. In dicta, Zachary opined that such a defense would be available. Id. at 442. However, Zachary was not a case involving an Article 125, UCMJ, sodomy charge. With that issue now presented squarely to this Court, we hold otherwise.

Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992).

Article 125, UCMJ, states:

> (a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy.  Penetration, however slight, is sufficient to complete the offense.
>
> (b) Any person found guilty of sodomy shall be punished as a court-martial may direct.

The text of Article 125, UCMJ, simply does not specifically address the age of the child for the aggravated offense of sodomy with a child, let alone include an explicit intent or knowledge requirement for that offense.

But the description of the offense in Article 125, UCMJ, does not end our textual analysis.  Pursuant to Article 36, UCMJ, 10 U.S.C. § 836 (2000), and Article 56, UCMJ, 10 U.S.C. § 856 (2000), the President may set different maximum authorized punishments for an offense based on specific facts.  See Loving v. United States, 517 U.S. 748, 769-70 (1996) (recognizing that Congress has delegated to the President the authority to address modes of proof and punishment that a court-martial may direct); United States v. Kelson, 3 M.J. 139, 140-41 (C.M.A. 1977) (stating that the President's authority under Article 36, UCMJ, "is limited only by the requirement that the rules be consistent with the Constitution or other laws") (citations omitted).  In the case of Article 125, UCMJ, the President added, inter alia,

a factor that may be pled and proven to increase the punishment -- the age of the child.[5] MCM pt. IV, para. 51.b., 51.e.

As noted supra at pp. 6-7, we undertake a mens rea analysis with respect to the fact of age in this case, because it is that fact that likely makes the charged conduct criminal in this case. But the President's addition of the fact of the age of the child also does not contain an explicit mens rea. See MCM pt. IV, para. 51.b., 51.e. (requiring that the act was done with a child who had attained the age of twelve, but was under the age of sixteen).

### B.

The want of an explicit mens rea with respect to the age of the child does not end the inquiry. Even in the absence of an express intent in the text, we construe the crime charged in light of "background rules of the common law." Staples, 511 U.S. at 605 (citing United States v. United States Gypsum Co., 438 U.S. 422, 436-37 (1978)). A bedrock precept and assumption of the criminal law is that "an injury can amount to a crime only when inflicted by intention." Morissette v. United States, 342 U.S. 246, 250 (1952). In construing the UCMJ and the MCM, therefore, the assumption is that there is no wish, as a general rule, to punish otherwise lawful conduct absent a vicious will.

---

[5] In this case, Appellant was charged with, and pled guilty to, the factor added by the President in the MCM and there is no question that R.C.M. 307(c)(3) was complied with.

See Staples, 511 U.S. at 606 ("Relying on the strength of the traditional rule, we have stated that offenses that require no mens rea generally are disfavored, and have suggested that some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.") (citations omitted).

Statutes such as Articles 120 and 125, UCMJ, criminalize sexual conduct that, but for some factor such as the age of the accused's partner, may otherwise be lawful. Therefore, it initially appears as if this Court would be within its charter to imply a mens rea with respect to age under either article and to determine that Congress and the President intended not simply that the child be under a certain age, but also that a defendant knew or reasonably should have known that fact. For if a mens rea existed with respect to the fact of age, a mistake of fact defense would inexorably follow. See R.C.M. 916(j)(1).

C.

But the Supreme Court has noted exceptions to the common law assumption otherwise auguring in favor of mens rea. Most often, the Supreme Court has determined that when the offense is deemed to be one directed at protecting the "public welfare" no mens rea is required. See United States v. Freed, 401 U.S. 601, 607 (1971); United States v. Dotterweich, 320 U.S. 277, 281 (1943); United States v. Behrman, 258 U.S. 280, 287 (1922);

United States v. Balint, 258 U.S. 250, 253 (1922).  In the context of discussing why "public welfare offenses" do not require a mens rea, the Supreme Court has noted another, separate common law exception to the mens rea requirement -- the age of the child in sexual offenses involving children.[6]  See Morissette, 342 U.S. at 251 n.8 ("Exceptions [to a mens rea requirement] came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent."); United States v. X-Citement Video, Inc., 513 U.S. 64, 72 n.2 (1994) (reiterating distinction described in Morissette); see also United States v. Wilcox, 487 F.3d 1163, 1174 (8th Cir. 2007) (recognizing the same and noting that federal courts have uniformly rejected the argument that there is a constitutional right to the defense that the defendant made a reasonable mistake as to the child's age); see also Catherine L. Carpenter, On Statutory Rape, Strict Liability, and the Public Welfare Offense Model, 53 Am. U. L. Rev. 313 (2003)

---

[6] In our view it is incorrect to characterize sex offenses involving children as "public welfare" offenses per se.  An Article 125, UCMJ, sodomy offense is not a "public welfare" offense.  Such offenses typically serve a regulatory function, have relatively minor penalties, and almost never involve imprisonment.  See Staples, 511 U.S. at 616-18; Balint, 258 U.S. at 251-53.  Article 125, UCMJ, is not regulatory in nature, and the maximum authorized punishment includes twenty years imprisonment.  See Francis Bowes Sayre, Public Welfare Offenses, 33 Colum. L. Rev. 55, 72-74 (1933).

(cataloging and criticizing jurisdictions that allow an absence of mens rea with respect to the child's age, thus making a mistake of fact defense unavailable); Sayre, supra note 6, at 72-74 (recognizing that a mistake of fact defense is not available with respect to the age of the child in sex offenses that are dependent on the child being below a specified age, even though the offenses are not public welfare offenses).

Of course, the Supreme Court, while opining in dicta that the historic practice is that the age of the child falls outside the normal mode of analysis and is akin to the public welfare model, has never so held. And it may well be, as some argue, see, e.g., People v. Hernandez, 393 P.2d 673 (Cal. 1964); Carpenter, supra, at 313, that the absence of a mens rea with respect to age in child sex offenses is an anachronism, and that sexual activities with children should be treated like any other crime. But the convention recognized by the Supreme Court is mirrored by the actual treatment of mens rea with respect to the age of the child in sexual offenses involving children in other jurisdictions, and the different treatment of the same between Articles 120 and 125, UCMJ. Convinced that creation of such a defense under Article 125, UCMJ, is a decision for policymakers, and not this Court, we decline to read a mens rea with respect to the age of the child into Article 125, UCMJ.

D.

This view is supported by the practice in other jurisdictions. Absent the affirmative creation of either an actual mens rea requirement with respect to the age of the child or a mistake of fact defense even where proof of mens rea is not otherwise required by the appropriate policy-making body, an age-based mistake of fact defense has been found by only four courts. Hernandez, 393 P.2d at 673; Perez v. State, 803 P.2d 249 (N.M. 1990); State v. Elton, 680 P.2d 727 (Utah 1984); State V. Guest, 583 P.2d 836 (Alaska 1978). But Perez, Elton, and Guest have been superseded by statute, leaving California as the only jurisdiction currently operating under a judicially created mistake of fact defense. See Alaska Stat. § 11.41.445(b) (2007); N.M. Stat. Ann. § 30-9-11 (West 2007); Utah Code Ann. § 76-2-304.5 (2007).

Twenty-two states have no provision in their statutory framework for a mistake of fact defense when the sexual activity involves children: there is neither a mens rea with respect to age nor an explicit defense. All but one of those states' courts have declined to recognize a mistake of fact defense with respect to the age of the child.[7]

---

[7] Miller v. State, 79 So. 314, 315 (Ala. Ct. App. 1918); see also Ala. Code § 13A-6-62 (2007) (commentary); State v. Blake, 777 A.2d 709, 713 (Conn. App. Ct. 2001); Pritchard v. State, 2004 Del. LEXIS 61, at *4, 2004 WL 249419, at *1-*2 (Del. Feb. 4,

13

In a very few states, a mens rea is explicitly required with respect to the age of the child.  See, e.g., Ohio Rev. Code Ann. § 2907.04(A) (West 2007) (prosecution must prove knowledge or recklessness with respect to age of a child between the ages of thirteen and sixteen).  Under these statutory schemes, the government must prove not only the child's age, but also that the defendant knew or should have known the child's age.

In another twenty states, while the government need not prove the defendant knew or reasonably should have known the age of the child, a legislatively created mistake of fact defense does exist, is explicitly outlined in a statute, and most often

2004); Haywood v. State, 642 S.E.2d 203, 204 (Ga. Ct. App. 2007); State v. Buch, 926 P.2d 599, 607 (Haw. 1996); State v. Stiffler, 788 P.2d 220, 222 (Idaho 1990); State v. Tague, 310 N.W.2d 209, 212 (Iowa 1981); Walker v. State, 768 A.2d 631, 632 (Md. 2001); Commonwealth v. Montalvo, 735 N.E.2d 391, 393-94 (Mass. App. Ct. 2000); People v. Cash, 351 N.W.2d 822, 826 (Mich. 1984); Collins v. State, 691 So. 2d 918, 923 (Miss. 1997); State v. Navarrete, 376 N.W.2d 8, 11 (Neb. 1985); Jenkins v. State, 877 P.2d 1063, 1067 (Nev. 1994); Goodrow v. Perrin, 403 A.2d 864, 867-68 (N.H. 1979); State v. Anthony, 516 S.E.2d 195, 199 (N.C. Ct. App. 1999); Reid v. State, 290 P.2d 775, 784 (Okla. Crim. App. 1955); State v. Yanez, 716 A.2d 759, 764 (R.I. 1998); Toomer v. State, 529 S.E.2d 719, 721 (S.C. 2000); State v. Fulks, 160 N.W.2d 418, 420 (S.D. 1968), overruled on other grounds by State v. Ree, 331 N.W.2d 557, 562 (S.D. 1983); Johnson v. State, 967 S.W.2d 848, 849-50 (Tex. Crim. App. 1998); State v. Searles, 621 A.2d 1281, 1283 (Vt. 1993); Rainey v. Commonwealth, 193 S.E. 501, 502 (Va. 1937).  California is the only state that currently reads a mistake of fact defense into a statute that does not include one.  Hernandez, 393 P.2d at 673. But the courts have still noted that sex crimes with children are treated as strict liability crimes when the child is below a certain age.  See Cal. Penal Code §§ 261.5, 288 (West 2007); People v. Olsen, 685 P.2d 52, 57 (Cal. 1984); see also United States v. Gomez-Mendez, 486 F.3d 599, 603-04 (9th Cir. 2007).

14

is available only for sexual acts with children above a certain age.[8]

The latter model is mirrored both in a charged violation for carnal knowledge and other sexual offenses under Article 120, UCMJ, and the federal civilian analog, 18 U.S.C. § 2243(d) (2000). Neither requires that the government prove the accused knew the age of the child. But both contain an explicit mistake of fact defense, limited to children above a certain age only. Article 120(o), UCMJ, 2006 NDAA § 552, 119 Stat. at 3258-59; 18 U.S.C. § 2243(d).

The remaining seven states and the District of Columbia have taken the prudential step of explicitly forbidding a mistake of fact defense with regard to sex crimes involving

---

[8] Ariz. Rev. Stat. Ann. § 13-1407 (2007); Ark. Code Ann. § 5-14-102 (2007); Colo. Rev. Stat. Ann. § 18-1-503.5 (West 2007); 720 Ill. Comp. Stat. Ann. 5/12-17 (West 2007); Me. Rev. Stat. Ann. tit. 17-A §§ 253, 254 (2007); Minn. Stat. Ann. § 609.344 (West 2007); Mo. Ann. Stat. § 566.020 (West 2007); Mont. Code Ann. § 45-5-511 (2007); N.M. Stat. Ann. § 30-9-11 (West 2007); N.D. Cent. Code § 12.1-20-01 (2007); Ohio Rev. Code Ann. § 2907.02 (West 2007); Or. Rev. Stat. Ann. § 163.325 (West 2007); 18 Pa. Cons. Stat. Ann. § 3102 (West 2007); Tenn. Code Ann. § 39-11-502 (West 2007); Wash. Rev. Code Ann. § 9A.44.030 (West 2007); W. Va. Code Ann. § 61-8B-12 (West 2007); Wyo. Stat. Ann. § 6-2-308 (2007). Three states make the mistake of fact defense available in all cases involving minors. Alaska Stat. § 11.41.445(b) (2007); Ind. Code Ann. § 35-42-4-3(c) (West 2007); Ky. Rev. Stat. Ann. § 510.030 (West 2007).

children, thereby foreclosing litigation of the sort raised in the instant case.[9]

In those jurisdictions that have departed from the historical treatment of sexual offenses involving children and permitted a mistake of fact defense with respect to the age of the child, the changes have almost always been made by the appropriate policymakers, not the judiciary.

## II.

The parties argue that this Court should assume a mistake of fact defense with respect to the age of the child under Article 125, UCMJ, by reference to Article 120, UCMJ, R.C.M. 916, and the federal statute, 18 U.S.C. § 2243(d).  All of the provisions are instructive, but not for the reasons articulated by the parties.

## A.

Like the sodomy charge in this case, carnal knowledge under Article 120, UCMJ, and "sexual acts" under 18 U.S.C. § 2243 criminalize consensual sexual activity based on the age of the child.  In 1996, Congress included an explicit mistake of fact defense as to age in Article 120, UCMJ, mirroring a similar

---

[9] D.C. Code 22-3011 (2007); Fla. Stat. Ann. § 794.021 (West 2007); Kan. Stat. Ann. § 21-3202 (2007); La. Rev. Stat. Ann. § 14:80C (2007); N.J. Stat. Ann. § 2C14-5.c. (West 2007); N.Y. Penal Law § 15.20 (McKinney 2007); Utah Code Ann. § 76-2-304.5 (2007); Wis. Stat. Ann. § 939.43 (West 2007).

defense in 18 U.S.C. § 2243, but did not provide one in Article 125, UCMJ. MCM, Analysis of Punitive Articles app. 23 at A23-14. And the same year the President included a mistake of fact defense as to age in R.C.M. 916(j)(2) for Article 120, UCMJ, but did not provide one for Article 125, UCMJ. MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-64. There is no reason to assume that this inaction by Congress and the President, who have had numerous opportunities to address the differences between the various provisions, somehow requires this Court read a mistake of fact defense into Article 125, UCMJ.[10]

The parties argue that the similarity of the statutes, Congress's desire to conform military law to federal civilian law, and the fact that the conduct charged under Article 125, UCMJ, in this case would ostensibly fall within 18 U.S.C. § 2243 in the civilian world, require us to read the defense into Article 125, UCMJ, to harmonize the statutory scheme and effectuate legislative intent.[11] These arguments have no support in the structure of the statutory scheme or legislative or executive intent as expressed in the respective histories of the

---

[10] To the extent that constitutional challenges may be available based on any differences between the MCM, Articles 120 and 125, UCMJ, and 18 U.S.C. § 2243, the parties chose not to challenge the constitutionality of Article 125, UCMJ, in this case.

[11] Of course, the delineated mistake of fact defense in both Article 120, UCMJ, and 18 U.S.C. § 2243, would have been unnecessary had there been a mens rea with respect to age either explicit or latent in the statute. See R.C.M. 916(j)(1); LeFave, supra, at § 5.6(a).

17

different statutes and the MCM.  Moreover, the parties fail to explain why, if Congress wished to conform Article 125, UCMJ, to civilian practice, they did not simply amend the statute to include age or a defense to age, thereby superseding the President's inclusion of age as a factor in the MCM, or why the President did not amend R.C.M. 916(j), or MCM pt. IV, para. 51., to include a mistake of fact defense as to age.[12]

1.

First, where Congress intended to create a mistake of fact defense with respect to the age of a child in a sexual offense when a defendant's knowledge of that fact was otherwise irrelevant to the offense charged, it did so explicitly. Articles 120 and 125, UCMJ, and 18 U.S.C. § 2243, deal with offenses of a similar nature, and each criminalizes behavior that could otherwise be lawful, but for some factor such as age. And, as conceded by the parties, none of the three statutes require the government prove that the accused knew the age of the child.  Taking all three statutes together, it becomes clear

---

[12] It is suggested that the appropriate policy-making bodies may have been reluctant to amend Article 125, UCMJ, because the policy regarding homosexuals in the military is politically sensitive.  United States v. Wilson, __ M.J. ___ (9) (C.A.A.F. 2008) (Effron, C.J., dissenting).  Taking that hypothesis as true, and setting aside the fact that this case involves heterosexual sodomy, the combination of the parties' agreement that the rule should be changed for policy reasons, with the assumed fact that it has been difficult for elected officials to effectuate that change, still does not permit this Court to make a public policy determination by judicial fiat.

that even though the government need only prove the fact of age, and not that an accused knew or reasonably should have known that fact, Congress nonetheless provided a mistake of fact defense with respect to some ages and some sexual activities in some instances, and not for all ages and all sexual activities in all instances.

The Supreme Court has consistently held that "'[Where] Congress includes particular language in one section of a statute but omits it in another section . . . it is generally presumed that Congress acts intentionally and purposely in the disparate . . . exclusion.'" Russello v. United States, 464 U.S. 16, 23 (1983) (citation omitted); see also Keene Corp. v. United States, 508 U.S. 200, 208 (1993) (finding that the use of a phrase in one part of a statutory scheme "only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out" of another section). In light of this rule of construction, we decline to read a mistake of fact defense as to the age of the child into Article 125, UCMJ.

2.

Nor does legislative intent as expressed through legislative action support a mistake of fact defense here. The parties argue, from the respective histories of Articles 120 and 125, UCMJ, that Congress intended to harmonize the legislative scheme, but overlooked Article 125, UCMJ. After reviewing the

19

history of both statutes, we fail to see support for this position. We must assume Congress understood the background principles, discussed supra, regarding mens rea, statutory construction, and the different treatment of mens rea with respect to the fact of age in the context of child sex offenses. Put succinctly, "Congress does not write upon a clean slate." United States v. Texas, 507 U.S. 529, 534 (1993) (citation omitted). In this case, we find no evidence that Congress intended to abrogate the principle reflected in the practice of the majority of jurisdictions that the crime of sodomy with a child does not contain a mens rea with respect to the age of the child or permit a mistake of fact defense absent legislative action. See Morissette, 342 U.S. at 251 n.8.

Congress first revisited the statutory scheme pertaining to sexual offenses involving children in the National Defense Authorization Act (NDAA) for Fiscal Year 1996. Congress added an affirmative defense of mistake of fact for an Article 120, UCMJ, offense committed against a person over the age of twelve and under the age of sixteen to "conform military law to federal civilian law," but did not include a defense for sodomy. S. Rep. No. 104-112, § 532, at 243 (1995); H.R. Rep. No. 104-131, § 545, at 218 (1995); see 1996 NDAA Pub. L. No. 104-106, § 1113, 110 Stat. 186, 462 (codified as amended at 10 U.S.C. § 925 (1996)).

In 2005, as required by Congress, the Department of Defense General Counsel submitted a report detailing proposed changes regarding sexual offenses under the UCMJ. See H.R. Rep. No. 108-767, § 571, at 111 (2004) (Conf. Rep.). This report explicitly requested that the mistake of age defense be removed from possible defenses to carnal knowledge under Article 120, UCMJ. The report also requested that Article 125, UCMJ, be brought in line with federal civilian law by requiring the prosecution to prove that the act of unnatural copulation was done by force. The report did not suggest the inclusion of a mistake of age defense to sodomy. Dept. of Defense, Proposed Amendments to the Uniform Code of Military Justice with Initial DOD Draft of Complementary Proposed Changes to the Manual for Courts-Martial (submitted to Congress on April 7, 2005), available at http://www.dod.mil/dodgc/php/docs/HASCMeeting42105.pdf.

The House of Representatives did not accept the Department of Defense recommendations. Instead, it maintained the mistake of fact with respect to age defense for carnal knowledge, and passed an amendment to Article 120, UCMJ, that created a series of graded offenses. H.R. Rep. No. 109-89, § 555, at 332 (2005) (amendment accepted in H.R. Rep. No. 109-360, § 552, at 703 (2005) (Conf. Rep.)). Neither house of Congress proposed

amendments to Article 125, UCMJ, despite significant amendments to related provisions.

Most recently, in the 2006 NDAA, Congress completely rewrote Article 120, UCMJ. §552, 119 Stat. at 3257-63. As currently enacted, Article 120, UCMJ, covers not only the offenses of rape and carnal knowledge, but also, inter alia, aggravated sexual assault of a child, aggravated sexual abuse of a child, aggravated sexual contact with a child, and indecent liberties with a child. Id. Congress retained a mistake of fact provision in the new version of the statute where the criminality of the conduct in question depended on the child being less than sixteen years old, but over the age of twelve. Id. at 3258-59. Despite this major revision to a statute applicable to many sexual offenses involving minors, sodomy was not included within it, and again, no changes were made to Article 125, UCMJ. We decline to redraft Article 125, UCMJ, to include a defense that Congress might have added, but did not.

3.

Nor is executive action to the contrary. The Manual for Courts-Martial has undergone four major amendments since R.C.M. 916(j)(2) added a mistake of age defense for the offense of carnal knowledge in 1996. MCM (1998 ed.); MCM (2000 ed.); MCM (2002 ed.); MCM (2005 ed.). And in 2007, R.C.M. 916(j)(2) itself was amended to comport with the new version of Article

22

120, UCMJ.  Exec. Order No. 13,447, 72 Fed. Reg. 56,179.  Again, no corresponding provision was included for sodomy.

While legislative or executive inaction is not dispositive, the fact that neither Congress nor the President have acted with respect to Article 125, UCMJ, or the MCM, while specifically adding, and then maintaining, a mistake of fact defense with respect to the age of the child for Article 120, UCMJ, cuts against the suggestion that either Congress or the President intended to harmonize the legislative scheme.

B.

Finally, we note that Article 120, UCMJ, and R.C.M. 916(j)(2), provide a mistake of fact defense only for those acts committed against a child who has "attained the age of twelve years."  Almost every legislature that has adopted a mistake of fact defense, has taken a similar tack, making the defense available only for children over a certain age.  See supra note 8.  There are obvious public policy reasons for, and sound judgments behind, this approach.  But whether, and at what point, the line should be drawn for a mistake of fact defense with respect to age for the crime of sodomy with a child are public policy decisions, not decisions for this Court.

III.

Our conclusion that there is no mistake of fact defense as to the child's age for this Article 125, UCMJ, offense is

23

dispositive as to the originally granted issue.  "This Court rejects a guilty plea only where the record shows a substantial basis in law and fact for questioning a plea.  We review a military judge's decision to accept a guilty plea for an abuse of discretion."  United States v. Harrow, 65 M.J. 190, 205 (C.A.A.F. 2007) (citations omitted).  As Appellant's guilty plea is rooted in the military judge's correct statement and application of the law, Appellant's guilty plea is provident.

## Conclusion

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Wilson, No. 06-0870/AR

EFFRON, Chief Judge (dissenting):

The majority concludes that an honest and reasonable mistake as to the age of a sexual partner is not a defense to the charge of sodomy with a person under the age of sixteen years. I respectfully disagree. The availability of the defense of mistake of fact as to age for such a sodomy charge is consistent with the Manual for Courts-Martial and our Court's case law.

The present appeal involves the providence inquiry for a guilty plea. The conclusion of the majority also would apply in contested cases, as illustrated by the following example. Two young soldiers attend a party and meet members of the opposite sex who identify themselves as college students. In the course of events, each couple develops a relationship that includes consensual sexual contact. Eventually, various details come to the attention of the command, including facts indicating that the relationships involve persons under the age of sixteen.

Based on the nature of the sexual contact, one soldier is charged with indecent acts with a child under the age of sixteen, while the second soldier is charged with sodomy with a child under the age of sixteen. Manual for Courts-Martial, United States pt. IV, paras. 51.f., 87.f. (2005 ed.) (MCM). At each trial, the soldier testifies that he did not know that the other person was under the age of sixteen, describing the

circumstances of the initial meeting and other pertinent facts.

In the trial of the soldier charged with indecent acts with a

person under sixteen years, the military judge instructs the

court-martial that mistake of fact as to age is a defense, and

the members return a finding of not guilty on that charge.  In

the trial of the soldier charged with sodomy with a child, the

military judge declines to give the instruction and the members

return a finding of guilty.

If the disparity in treatment of these offenses had been

prescribed expressly by Congress or the President, that would

settle the issue.  The disparity, however, is not required by

either the statutory or regulatory text that describes the

pertinent offenses.  Neither statute addresses the subject of

age, either as an element of the offense or as a defense.  See

Articles 125 and 134, Uniform Code of Military Justice (UCMJ),

10 U.S.C. §§ 925, 934 (2000).  The Manual provisions describing

the elements of each offense set forth the proscribed contact

with a person under the age of sixteen, but neither contains a

limitation on the defense of mistake of fact as to age.  See MCM

pt. IV, paras. 51.b., 87.b.

The disparity would result not from the express treatment

of these offenses by Congress or the President, but from

judicial interpretations of the general mistake of fact defense

set forth by the President in Rule for Courts-Martial (R.C.M.)

916(j)(1).  As a matter of judicial interpretation, the mistake of fact defense in R.C.M. 916(j)(1) is available as to age when the accused has been charged under Article 134, UCMJ, with indecent acts with a person under the age of sixteen.  See United States v. Zachary, 63 M.J. 438, 444 (C.A.A.F. 2006). Under the majority opinion, however, the same defense would not be available with respect to the charge of sodomy with a person under the age of sixteen.

## I.  THE MISTAKE OF FACT DEFENSE

R.C.M. 916(j)(1) describes the circumstances in which a person may defend against a charged offense on the basis of a mistake of fact:

> Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense.  If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only to have existed in the mind of the accused.  If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances.  However, if the accused's knowledge or intent is immaterial as to an element, then ignorance or mistake is not a defense.

Under the rule, the military judge must decide whether the claimed mistake goes to an element of the offense requiring knowledge or intent.  If so, the defense applies.  If the accused's intent or knowledge is immaterial, then the defense does not apply.

In general, neither Congress nor the President has restricted or otherwise regulated the application of the mistake of fact doctrine with respect to specific offenses.  Congress has addressed mistake of fact with respect to carnal knowledge, providing a statutory mistake of fact defense as to age.  See Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2000).  Congress recently added a number of other sexual offenses to Article 120, UCMJ, and provided a statutory mistake of fact defense as to age for certain offenses, including aggravated sexual assault, aggravated sexual abuse, abusive sexual contact, and indecent liberty.  Article 120(o)(2).  These amendments became effective with respect to offenses occurring on or after October 1, 2007.  Exec. Order 13,447, 72 Fed. Reg. 56,179 (Oct. 2, 2007).  There is no similar statutory provision with respect to sodomy.  See Article 125, UCMJ.

Prior to the enactment of Article 120(d), UCMJ, in 1996, the President expressly addressed the mistake of fact defense with respect to carnal knowledge.  See, e.g., MCM pt. IV, para. 45.c.(2) (1984 ed.).  The President, however, did not prescribe

4

any guidance with respect to the application of the mistake of fact defense to the offense of sodomy.  Id. at para. 51.

In the current Manual, the President has provided specific guidance as to the mistake defense with respect to a number of offenses.  See, e.g., R.C.M. 916(j)(2); R.C.M. 920(e)(3) (instructions on mistake of fact in carnal knowledge cases); MCM pt. IV, para. 45.c.(2) (regulating defense of mistake of fact as to age in carnal knowledge cases); id. at para. 19.c.(1)(d) (regulating mistake defense in resisting apprehension cases); id. at para. 25.c.(4) (regulating mistake defense in countersign cases); id. at para. 43.c.(2)(b) (regulating mistake defense as to transferred premeditation in murder cases); id. at para. 49.c.(18) (regulating mistake defense in check cases involving insufficient funds); id. at para. 62.c.(4) (regulating mistake of fact defense in adultery cases).  With respect to the new statutory offenses under Article 120, paragraph 45.a.(o)(2) of the Manual sets forth the mistake of fact defenses provided in the statute.  Exec. Order 13,447, 72 Fed. Reg. 56,192.  The present Manual, however, does not provide specific guidance on the defense with respect to sodomy.  See MCM pt. IV, para. 51.

In short, the offense of sodomy is like any other offense under the UCMJ in which the mistake of fact defense has not been regulated by Congress or the President.  A military judge must decide at trial whether the defense is applicable, and an

5

appellate court must decide whether the military judge ruled

correctly on the issue.

### II. AVAILABILITY OF THE MISTAKE OF FACT DEFENSE AS TO AGE FOR THE OFFENSE OF SODOMY

#### A.

To the extent that our Court has addressed the mistake of

fact defense as to age with respect to sodomy, we have done so

in dicta in cases in which the granted issue did not involve the

offense of sodomy.  See, e.g., United States v. Strode, 43 M.J.

29, 31 (C.A.A.F. 1995) (suggesting that the mistake of fact

defense as to age is not available in sodomy cases); Zachary, 63

M.J. at 442 (suggesting that the mistake of fact defense as to

age is available in sodomy cases).

Although Zachary involved a different statute, it serves as

the most recent precedent regarding the application of the

mistake of fact defense in R.C.M. 916(j)(1) to an offense

involving a charge of sexual contact with a child when age is

not an element set forth in the statute, but in the Manual.  The

accused in Zachary was charged with indecent acts with a person

under the age of sixteen in violation of Article 134, UCMJ --

the general article -- a statute that does not expressly address

indecent acts, much less age.  As noted in Zachary, the

applicable Manual provision sets forth several elements

describing the proscribed conduct and includes an element requiring proof that the subject of the act was under the age of sixteen. 63 M.J. at 441-42. We concluded that age was an element to which the mistake of fact defense would apply, and we expressly rejected the contention that it was merely an aggravating factor as to punishment. Id. at 443-44.

In the absence of any express restrictions or guidance from Congress or the President regarding the availability of the mistake of fact defense for sodomy, the responsibility for determining whether the defense is available under R.C.M. 916(j)(1) rests with the judiciary. Our decision in Zachary offers persuasive guidance because the offense at issue in Zachary -- indecent acts with a person under sixteen years -- is similar in structure to the offense at issue in the present appeal. Compare MCM pt. IV, para. 87, with id. at para. 51. As in Zachary, age is an element of the offense of sodomy with a child, not merely an aggravating factor as to punishment. Zachary provides an appropriate judicial standard for determining that an honest and reasonable mistake as to age provides a defense to a charge of sodomy with a person under the age of sixteen years. We should adhere to that standard in the present case. In that regard, I agree with Judge Baker's statutory and regulatory analysis of Article 125, UCMJ, and MCM pt. IV, para. 51.b.

7

B.

The legislative history of the 1996, 2005, and 2006 amendments to Article 120, UCMJ (rape and carnal knowledge), as set forth in the majority opinion, does not require us to abandon the Zachary standard.  The text of the article, both before and after those amendments, expressly sets forth a specific age of the sexual partner -- under sixteen years -- as the basis for criminal liability.  By contrast, the text of Article 125, UCMJ (sodomy), has never set forth the age of the sexual partner as a legislative basis for criminal liability.

The legislative history of the 1996 amendments, as set forth in the majority opinion, makes no mention of Article 125 or sodomy.  The sole focus of the 1996 amendments was to conform Article 120, dealing with rape and carnal knowledge, to the treatment of age in similar federal civilian laws.  See S. Rep. No. 104-112, § 532, at 243 (1995).  We cannot infer that Congress had any focus on sodomy when it developed and passed legislation amending the separate offense of carnal knowledge under Article 120.

With respect to the legislative history of the amendments to Article 120 in 2005 and 2006, the majority opinion does not identify any authoritative statement that would explain why Congress did not address the subject of sodomy in the legislation that amended other sexual offenses.  We are not

8

simply confronted with congressional inaction, we are dealing with congressional silence on the reasons for inaction.

Congress has not enacted legislation to make age an element of the offense of sodomy, nor has it made mistake of fact as to age a statutory defense.  When we are dealing with an article of the code in which age is not an element of the offense, such as Article 125, we should exercise great caution in drawing substantive inferences from congressional inaction.  The problem with such speculation, particularly in the absence of legislative history setting forth a reason for the inaction, is that there are many reasons why Congress may not act on a particular aspect of a legislative proposal.  If one were to speculate with respect to Article 125, UCMJ, for example, such speculation could include the possibility that congressional inaction resulted from concern that amending the sodomy statute would run the risk of reopening the highly contentious debate that occurred in 1993 regarding sexual orientation in the military.  See H.R. Rep. No. 103-200, at 287-90 (1993).  In the circumstances of the present case, however, we need not rely on speculation about this or any other reason for legislative inaction.  The majority opinion does not establish that the legislative record provides a sufficient foundation to permit reliance on congressional inaction as a basis for deciding the case before us.

C.

In the course of its statutory analysis, the majority opinion takes the position that "[w]hile the conduct charged under Article 125, UCMJ, in this case remains criminal, an act of sodomy in private between consenting adults may not be, absent some other fact." United States v. Wilson, ___ M.J. ___ (7) (C.A.A.F. 2008) (citing Lawrence v. Texas, 539 U.S. 558, 578 (2003)). In that context, the majority opinion offers an interpretation of Article 125, a pre-Lawrence statute, based upon the assumed outcome of future litigation regarding the constitutionality of the statute as applied to certain private sexual contact between consenting adults. That is a question that we expressly declined to answer in United States v. Marcum, 60 M.J. 198, 206-08 (C.A.A.F. 2004).

The question before us involves the meaning of Article 125, a statute unchanged since Congress enacted the UCMJ in 1950. Congress may decide in the future to decriminalize consensual private adult sodomy, or this Court may decide to hold the statute unconstitutional as applied in certain circumstances. The issue before us, however, is not the future scope of Article 125. The issue before us is the present availability of a mistake of fact defense under a statute, enacted more than fifty-five years ago which, on its face, does not rely on age to distinguish between criminal and non-criminal conduct.

In the present case, the Government and Appellant both agree that the defense of mistake of fact as to age was available.  Neither party has urged us to revisit Marcum, 60 M.J. 198, or otherwise reinterpret Article 125 or R.C.M. 916(j)(1).  In view of the availability of the defense under R.C.M. 916(j)(1), as underscored by our treatment of a similar offense in Zachary, 63 M.J. 438, we need not enter either the constitutional thicket or the uncertainties of interpreting congressional silence.

United States v. Wilson, 06-0870/AR

BAKER, Judge (dissenting):

I agree with the majority's recognition of the traditional rule that "[o]ffenses that require no mens rea generally are disfavored . . . some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime." Staples v. United States, 511 U.S. 600, 606 (1994) (citation omitted). I also agree with the majority's observation of the President's exercise of the authority delegated under Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836 (2000), regarding Article 125, UCMJ, 10 U.S.C. § 925 (2000), in that "[t]he President's addition of the fact of the age of the child also does not contain an explicit mens rea."

However, I respectfully dissent from the majority's application of these principles to the circumstances of this case. In my view, the majority focuses its attention on the wrong questions. The question presented is whether the President, utilizing his authority under Article 36, UCMJ, has made age an element of the offense of sodomy with a child under sixteen, and if so, whether that element includes a mens rea requirement. What this case is not about is: (1) whether Congress has created a mistake of fact defense -- it has not; (2) whether this Court can create a mistake of fact defense -- it may not; or (3) the nature of the prevailing states

legislative practices toward strict liability.  Moreover, the parties' focus on United States v. Zachary, 63 M.J. 438 (C.A.A.F. 2006), does not address the President's language as provided in the Manual for Courts Martial, United States pt. IV, para. 51.b. (2005 ed.) (MCM).

There are two interpretive problems presented.  First, the President, who is an appropriate policymaker to make such choices, has listed age as an element of the crime of sodomy and not merely as a sentence enhancer.  Id.  The elements of sodomy set forth in the MCM are:

    b.  Elements.

    (1)  That the accused engaged in unnatural carnal
         copulation with a certain other person . . . .

    Id.  And as applicable:

    (2)  That the act was done with a child under the age of
         12[; or]

    (3)  That the act was done with a child who had attained
         the age of 12 but was under the age of 16[; or]

    (4)  That the act was done by force and without the consent
         of the other person.

Id.  Moreover, whether the paragraph subheading is dispositive or not, age is tantamount to an element.  "[T]he relevant inquiry is one not of form, but of effect -— does the finding expose the defendant to greater punishment than that authorized."  Apprendi v. New Jersey, 530 U.S. 466, 494 (2000). Indeed, the military judge advised the accused that age was an

element of the offense.  Thus, this is not a situation where the law is silent.  Rather, the MCM expressly includes age as an element.  Therefore, the general rule in civilian practice is not applicable in military practice where the President has in fact "legislated" a further gloss onto the statutory language.

Here the second problem arises.  Although it appears certain that the drafters of the MCM provisions have listed age as an element of the offense of sodomy, it is equally uncertain what degree of mens rea this element was intended to bear.  This ambiguity is reflected in the Government's own concession that the defense of mistake of fact applies.  It is also reflected in the manner in which "the act" is set out in the elements.

On the one hand, one can read the elements of the offense so that the act in question is alone contained in the first element -- "that the accused engaged in unnatural carnal copulation."  In this case, the other three elements are, in effect, aggravating factual circumstances.  Indeed, this may represent the better view.

On the other hand, the second and third (as applicable) elements can be read to state that "the act" is "unnatural carnal copulation with a child under the age of [twelve or sixteen]."  And, it would appear that the military practice is to charge the offense of "sodomy with a child under [twelve or sixteen]" and not merely "sodomy," with an aggravating factor.

3

Indeed, while disavowing the dicta in Zachary, the government has argued in other cases that the mistake of fact defense applies to sodomy with a child under sixteen.

This ambiguity is important, because the question of intent only applies to acts and not to facts, and if the only act in question were "sodomy," as opposed to "sodomy with a child under 16," then additional elements (2) and (3) pertaining to age would require no mens rea and therefore, no opportunity for a mistake of fact defense would exist.

This ambiguity is important as well given the majority's suggestion that this Court is not an appropriate policy-making body to address the question presented. We are not a policy-making entity. But in light of the ambiguity in the MCM's drafting, this Court should be interpreting the language using the tools of statutory construction. This is what judges do where the law is unclear or subject to more than one possible reading.

Applying the same principles of statutory construction identified by the majority, I would conclude that both readings of the MCM are available –- one treating "sodomy with a child under sixteen" as a general intent crime and one treating the act of "sodomy" alone as a general intent crime, with age as an additional factual element not requiring intent. In the former case, the mistake of fact defense would be available where the

4

mistake was honest and reasonable.  Rule for Courts-Martial (R.C.M.) 916(j)(1).

An intent to extinguish mens rea "must be clearly indicated in the statutory language or in the President's implementation of the UCMJ through the MCM.  Otherwise, an accused would not be placed on fair notice of the threshold for criminal conduct." United States v. Thomas, 65 M.J. 132, 138 (C.A.A.F. 2007) (Baker, J., dissenting).  As a result, this seems to be the sort of case where any ambiguity should in fact inure to the benefit of the accused.  Cleveland v. United States, 531 U.S. 12, 25 (2000) ("'[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity'") (citation omitted); Hughey v. United States, 495 U.S. 411, 422 (1990) ("[L]ongstanding principles of lenity . . . demand resolution of ambiguities in criminal statutes in favor of the defendant"). This seems especially appropriate where the ambiguity is easily addressed through executive clarification and amendment.