**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**June 6, 2012**

# In the Court of Appeals of Georgia

A12A0632. BAKER v. THE STATE.

ADAMS, Judge.

Joseph Baker appeals the denial of his motion for new trial following his conviction of statutory rape; Baker was acquitted on counts of interstate interference with child custody (OCGA § 16-5-45) and battery.[1] On appeal, Baker asserts the trial court erred with regard to evidence suggesting the victim had lied or been deceptive about her age. He also contends the trial court erred with regard to a jury charge and a transcript of a 911 call. Finally he contends his trial counsel was ineffective in several ways. For the reasons that follow, we affirm.

---

[1] Prior to trial, the trial court granted the State's motion for nolle prosequi on a charge of rape.

Construed in favor of the verdict, the evidence shows the victim was a 14-year-old Florida resident who frequently ran away from home without permission. At some point, the girl met Baker, age 29 at the time, on the internet, and in April 2009, she asked him to come to Fort Myers, Florida to pick her up, which he did. They returned to his home in Newton County and engaged in sexual intercourse multiple times during that visit. She got homesick and called her father, who picked her up from a bus station in Atlanta. Baker had taken her to the station, but he stayed in his car nearby and did not have any contact with the girl's parents. In June, the girl again asked Baker to come get her, which he did, and the couple returned to his residence in Newton County and again had sexual intercourse. On this visit, however, the two got into an argument that escalated into the girl picking up two knives and telling Baker to leave her alone. A struggle ensued, but the girl eventually convinced Baker to let her make a phone call if she promised not to call the police. The victim went to the garage and called the police.

On June 17, 2009, officers in Newton County responded to a 911 call regarding a domestic dispute at a residence in Covington and found the victim crouched in the corner of the garage with the garage door open. She was crying, scared, and hysterical, and she said, "He's inside. He's inside." She reported that she and Baker

2

had gotten into an argument, he became physical with her and choked her, and she cut him with a knife. The officer saw bruising on her neck. Officers spoke to Baker and saw a laceration on his right forearm, which, Baker later admitted, resulted from the girl cutting him. Baker admitted to officers that he had sexual intercourse with the girl on both visits. He did not testify at trial.

1. The evidence was sufficient to support the conviction of statutory rape. See OCGA § 16-6-3.

2. Prior to trial, the State moved in limine to prohibit "any evidence relating to the Defendant's knowledge of the age of the victim, or evidence that the victim [misled] the Defendant about her age," as well as any impeachment based on evidence that the victim misled anyone about her age. The State relied on *Haywood v. State*, 283 Ga. App. 568, 568-569 (642 SE2d 203) (2007), which holds that the defendant's knowledge of the victim's age is not relevant to a charge of statutory rape and that such evidence is subject to a motion in limine. *Haywood* also holds that it is not error to forbid impeachment of a statutory rape victim with contradictory statements she might have made about her age. Id. at 569.

On appeal, Baker admits the trial court's ruling was correct as to Count 1 – statutory rape, but he argues the trial court erred because the evidence was relevant

to Count 2 – interstate interference with child custody – and therefore admissible. See OCGA § 16-5-45. Although Baker was acquitted on Count 2, he argues the issue is not moot and that the evidence was harmful because in connection with Count 2, the State attempted to suggest that he knew the victim was under the age of consent, arguably in violation of the ruling on the motion in limine, and that this information could have prejudiced him in the mind of the jury with regard to the charge of statutory rape. Thus, he argues, the State was able to imply that he knew the victim was under age, but he was prohibited from showing that she misled him in that regard.

We conclude that Baker has not shown that any possible error was harmful. See *Ayers v. City of Atlanta*, 221 Ga. App. 381, 382 (2) (471 SE2d 240) (1996) (not reversible error where defendant had not shown any specific harm resulting from an error in admitting evidence related to a charge for which the defendant was acquitted).[2] First, the primary information that Baker contends was erroneously

---

[2] Compare *Haywood*, 283 Ga. App. 569 (question of whether evidence regarding victim's age would somehow be relevant to charge for which defendant was acquitted was moot; no argument regarding harm). See also *Goings v. State*, 265 Ga. App. 296, 299 (5) (593 SE2d 751) (2004) (enumeration of error regarding testimony concerning one armed robbery was "harmless if not moot" where the defendant was acquitted of that armed robbery but convicted of a separate armed robbery); *Breland v. State*, 287 Ga. App. 83, 86 (2) n. 11 (651 SE2d 439) (2007) (challenge regarding

4

admitted in favor of the State consists of statements made by the prosecutor during her opening statement and closing argument, and the jury was instructed that openings and closings are not evidence. Second, the remainder of the information that Baker contends was erroneously admitted in favor of the State consists of the circumstances surrounding Baker's sexual encounter with the girl, such as that she did not have permission to leave Florida with him, that the parents did not know she was with him, and that he did not meet the parents at the bus station. It would have been within the trial judge's discretion to admit these facts as a part of a stand alone trial on statutory rape.

> [T]he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial.... Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense.

(Citations and punctuation omitted). *Horner v. State*, 257 Ga. App. 12, 13 (1) (570 SE2d 94 ) (2002). See also *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878)

---

identification testimony of an alleged second victim was "harmless if not moot" given that defendant was acquitted of robbing that victim).

5

(1985). Third, Baker was able to significantly attack the victim's credibility anyway: the evidence showed that she changed her story about what happened in several ways, including that she withdrew assertions that their sexual encounters had been forced, that Baker had threatened to kill her, and that he choked her on the first trip to Georgia. Accordingly, we find Baker's argument regarding harm to be without merit, and therefore there is no possible reversible error by the trial court in granting the motion in limine.

3. Baker contends the court erred by failing to instruct the jury on OCGA § 16-3-5, mistake of fact, with regard to Count 2. But the alleged error regarding a charge on a count for which he was acquitted is moot. *Nation v. State*, 180 Ga. App. 460, 463 (6) (349 SE2d 479) (1986).

4. Baker contends the court erred in response to a question during deliberation by informing the jury that knowledge of the victim's age was not relevant to either Count 1 or Count 2. This assertion is also moot as a result of Baker's acquittal on Count 2 and the fact that the answer was correct for Count 1.

5. Baker contends he received ineffective assistance of counsel when counsel failed to assert that the door had been opened to evidence of victim's deceit regarding her age. Upon review of a trial court's ruling on the effectiveness of trial counsel "we

6

accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Suggs v. State,* 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

Here, following the hearing on the motion for new trial, which included trial counsel's testimony, the trial court found that trial counsel had acted effectively. We find no error. Counsel testified that she did not hear or see any evidence that opened the door regarding the victim's deceit about her age and that she found many of the questions to be helpful to her defense strategy of showing the victim as the one who pursued Baker. Also the transcript shows that the State did not introduce any direct evidence to open the door about the victim's deceit regarding her age and argument of counsel is not evidence. Finally, "[i]n general, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." *Scott v. State*, _ Ga. _ (7) (b) (Case No. S12A0193, decided April 24, 2012). Baker has not carried his burden of showing ineffective assistance.

6. Baker contends he received ineffective assistance of counsel when counsel failed to request that the court sever Count 1 and Count 2 for trial when it became apparent that evidence admissible for Count 2 was not admissible for Count 1, again

7

referencing the evidence of victim's deceit regarding her age and Baker's knowledge of her age.

> The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.

*Howard v. State*, 279 Ga. 166, 171-172 (4) (611 SE2d 3) (2005). See also *Carter v. State*, 261 Ga. 344, 345 (1) (404 SE2d 432) (1991) (enumeration regarding failure to sever two counts for trial not necessarily moot even though defendant acquitted on one count; there is possible harm in a joint trial); *Williams v. State*, 178 Ga. App. 581, 585 (1) (344 SE2d 247) (1986) (no error where appellant was acquitted of the charges that allegedly should have been severed and appellant "has shown no harm or prejudice which might have been avoided by severing the trials").

As explained in Division 1, any possible error was not harmful as to the charge of statutory rape; and, as shown above, the true evidence about which Baker complains would be admissible in a stand alone trial regarding statutory rape, anyway. See generally *Johnson v. State*, 257 Ga. 731, 733 (2) (c) (363 SE2d 540) (1988) ("[W]here the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the

motion for severance.") (Citation and punctuation omitted.). With regard to a claim of ineffective assistance, the appellant must establish prejudice or harm to obtain reversal. *Smith v. State*, 302 Ga. App. 222, 227-228 (3) (a) (690 SE2d 867) (2010). This, Baker has failed to do.

7. Baker contends he received ineffective assistance when counsel failed to offer evidence of the victim's prior encounters with police in Florida that call into question her credibility. But counsel testified that she was bound by the trial court's ruling on the motion in limine, and in Division 1, we concluded that there was no reversible error with regard to that motion in limine because no harm was shown. Therefore, Baker can show no possible harm on this claim.

8. Baker asserts there were three errors with regard to the transcript of the victim's 911 call to the police. He contends the trial court erred by allowing unauthenticated transcripts of the 911 call to be shown to the jury while the tape was played; by failing to give a proper limiting instruction regarding the transcript; and by allowing the unauthenticated transcripts of the 911 call to go out with the jury during deliberation. He also contends that counsel was ineffective by failing to object to these three asserted errors.

At trial, the victim authenticated the recording of the 911 call as a fair and accurate recording of the conversation. The prosecutor handed the jury a transcript of the call, and the court instructed the jury as follows:

> All right, ladies and gentlemen of the jury, they're going to play the 911 call. The actual audio that you hear with your ears is the evidence. They're handing out a transcript that was taken down as a guide, but what you hear with your ears is the actual evidence in this matter. You can use that transcript as a guide to help you listen.

The recording was then played for the jury. Finally, although it is unclear from the trial transcript, Baker's trial counsel testified at the hearing on the motion for new trial that the transcript did not go out with the jury during deliberations. The trial court was authorized to believe this testimony.

We find no error in this procedure and no ineffective assistance of counsel. This Court, following precedent of the Supreme Court of Georgia, specifically authorized the procedure used in this case: the State lays a proper foundation for the admission of the recording, the court gives a cautionary instruction that the transcript itself is not evidence; the jury uses the transcript to assist them in listening to the recording; and the transcript is not part of the evidence that goes out with the jury. *Turner v. State*, 245 Ga. App. 476, 477 (1) (538 SE2d 125) (2000), following

10

*Washington v. State*, 268 Ga. 598, 600 (3) (492 SE2d 197) (1997). Because the transcript was not, in fact, admitted into evidence, *Gaston v. State*, 180 Ga. App. 470 (349 SE2d 526) (1986), is not on point.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*